UNITED STATES, Appellee,

v.

Specialist Charles E. BRELAND,
562–88–0633, United States
Army, Appellant.

ACMR 9000650.

U.S. Army Court of Military Review.

25 April 1991.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Pamela J. Dominisse, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Donald W. Hitzeman, JAGC, Captain Timothy J. Saviano, JAGC (on brief).

Before De GIULIO, NAUGHTON and VARO, Appellate Military Judges.

OPINION OF THE COURT

VARO, Judge:

The appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was convicted of three specifications of committing indecent acts with a child under the age of sixteen, violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982) [hereinafter UCMJ]. He was also convict-

ed, contrary to his pleas, of sodomy, adultery, and obstruction of justice in violation of Articles 125 and 134, UCMJ, 10 U.S.C. §§ 925 and 934 (1982). The sodomy and adultery charges were unrelated to the charges of indecent acts.

The appellant's adjudged sentence, which provided for a dishonorable discharge, confinement for thirty months, reduction to the grade of Private El, and total forfeitures, was approved with the exception of the total forfeitures. With regard to the forfeitures, the convening authority approved only "forfeitures in excess of $500.00 pay per month for 30 months."[1]

We will first discuss the appellant's second assignment of error which alleges that he is entitled to sentence credit for punishment he received under Article 15, UCMJ, for the same indecent acts of which he was convicted at his trial by court-martial.

The appellant's indecent acts were committed upon his six-year-old stepdaughter. These acts came to light in February 1989. Following a full investigation, the appellant's commander determined that the best course of action for both the appellant and his family was to handle these serious offenses through nonjudicial punishment. On 18 May 1989, the appellant was punished under Article 15, UCMJ. Although the text of the Article 15 is somewhat unclear, our review of the testimony of the appellant's commander in the record of trial reveals that the Article 15 was administered for the same three indecent acts charged at the appellant's court-martial. The appellant's punishment under the Article 15 provided for 45 days extra duty; 14 days restriction; forfeiture of $520.00 pay per month for two months; and a one-grade reduction to the grade of Specialist E4. Both the forfeiture and reduction were suspended for a period of 180 days.[2]

In September 1989, allegations surfaced from a Ms. C that the appellant had committed sodomy and adultery with her. Ms.

C also raised concerns that from her discussions with the appellant she believed justice had not been served by his commander's decision to handle the indecent acts offenses through nonjudicial punishment. On 26 September 1989, based on the allegations of adultery and sodomy between the appellant and Ms. C, the suspension of the Article 15 punishment was vacated. A review of the entire case was conducted and a proper determination was made to refer all charges (the adultery, the sodomy, and the indecent acts) to a general court-martial. With regard to the Article 15 punishment, by the time of trial on 26 February 1990, the appellant had completed the extra duty, restriction, and forfeiture portions of the punishment, and had served in the reduced grade of Specialist E4 for a period of five months.

Citing *United States v. Pierce*, 27 M.J. 367 (C.M.A.1989), the appellant now asserts that the military judge erred in not giving appropriate credit for the nonjudicial punishment served by the appellant. The issue of the appellant's nonjudicial punishment was raised by the appellant's trial defense counsel through argument as well as documentary and testimonial evidence. Prior to announcing the sentence, the military judge stated that he had "carefully considered" all matters raised by both the defense and the government in arriving at an appropriate sentence. As the military judge provided no specific information regarding the nature or amount of credit, the question of whether the appellant received "complete" credit as envisioned by *Pierce* is not answered by the record of trial. Further, in taking action on the appellant's court-martial, although the convening authority did give the appellant some clemency regarding the forfeitures adjudged, there is no indication he gave the appellant credit for the prior Article 15 punishment.

---

1. The appellant correctly notes that the convening authority's action fails to reflect the exact amount of monthly forfeitures in whole dollars, as required by Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1003(b)(2) [hereinafter R.C.M.]. Our resolution of the case resolves the need for any corrective action.

2. The Article 15 was introduced by the defense to show prior punishments.

■ We agree with the government's position that while the Court of Military Appeals gives some guidance in *Pierce*, that Court did not require a particular type of credit be given in all cases. *Pierce*, 27 M.J. at 369 and 369 n. 5. Rather, it is apparent that the Court was concerned with assuring that complete and appropriate credit is given. We do not agree with the government's position that the military judge's statement that he considered all matters presented by both parties, is sufficient to allow us to determine that sufficient credit was given. As noted in *Pierce*, "we do not know what (the military judge) meant by that pronouncement." 27 M.J. at 370. We believe this issue can be avoided in the future by military judges making a more specific statement regarding the credit given.[3] As noted by Judge Cox in *Pierce*, this may not be possible in all cases where nonjudicial punishment has been served for the offense in question. 27 M.J. at 369. In those limited situations, the convening authority should give appropriate credit and document it in the record of trial forwarded to this court for review. Needless to say, the staff judge advocate bears the primary responsibility for advising the convening authority on the facts as well as on the corrective action required.

■ Because the appellant suffered varying types of Article 15 punishment from May 1989 until his trial by court-martial in February 1990, complicated by the vacation of the suspended portions in September 1990, and because there exists no table of equivalent punishments under the 1984 Manual for Courts–Martial, in the interests of judicial economy, we will reassess the sentence. *See United States v. Pierce*, 28 M.J. 1040 (A.C.M.R.1989); *see also United States v. Blocker*, 30 M.J. 1152 (A.C.M.R.1990).

■ We have considered the other assignments of error raised personally by the appellant pursuant to *United States v.*

*Grostefon*, 12 M.J. 431 (C.M.A.1982), and through counsel, and find them to be without merit.[4] With regard to the appellant's first assignment of error, that there is insufficient evidence to support the findings of guilty of the offenses of sodomy, adultery, and obstruction of justice, our review of the record of trial leads us to conclude that the evidence is both legally and factually sufficient to support the findings of guilty. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *reh'g denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *United States v. Turner*, 25 M.J. 324 (C.M.A.1987).

The findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and considering *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), the court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for twenty-eight months, and reduction to the grade of Private El.

Senior Judge De GIULIO and Judge NAUGHTON concur.

---

3. We commend specific review and use of the Trial Judiciary Memorandum No. 89–4, 19 Oct. 1989 to all judges facing this issue.

4. The court has admitted Government Appellate Exhibit I which is the missing military judge authentication for pages 1–17 of the record of trial. This exhibit resolves the appellant's third assignment of error.