**UNITED STATES, Appellee**

v.

**Kelly L. ZAMBERLAN, Airman
U.S. Air Force, Appellant.**

No. 96–0292.
Crim.App. No. S28915.

U.S. Court of Appeals for
the Armed Forces.

Argued Nov. 5, 1996.

Decided Jan. 29, 1997.

For Appellant: *Major Ray T. Blank, Jr.* (argued); *Colonel Jay L. Cohen* and *Captain Margarete Ashmore* (on brief); *Lieutenant Colonel Kim L. Sheffield.*

For Appellee: *Major Karen L. Manos* (argued); *Colonel Jeffery T. Infelise, Major LeEllen Coacher,* and *Major Jules D. Silberberg* (on brief); *Colonel Theodore J. Fink.*

*Opinion of the Court*

CRAWFORD, Judge:

Pursuant to her pleas, appellant was convicted of using tetrahydrocannabinol (THC) in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. The convening authority approved the adjudged sentence of a bad-conduct discharge, 3 months' confinement, partial forfeitures, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion. We granted review of the following issue:

> WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY REFUSING TO INSTRUCT THE COURT TO CONSIDER HER PRIOR PUNISHMENT UNDER UCMJ ARTICLE 15 IN DETERMINING AN APPROPRIATE SENTENCE.

We hold that the military judge did not abuse his discretion in refusing the requested instruction on appellant's prior punishment under Article 15, UCMJ, 10 USC § 815.

FACTS

On March 18, 1993, appellant was punished under Article 15 for disobeying an officer and was reduced in grade from E–3 to E–2. This reduction in grade was suspended by the successor in command until February 3, 1994. However, the commander vacated the suspension on January 20, 1994, when he learned that appellant had wrongfully used THC between September 1, 1993, and December 15, 1993. This same use of THC led to appellant's court-martial.

At trial, defense counsel requested that the judge instruct the members to consider appellant's Article 15 punishment when fashioning an appropriate sentence. Defense counsel stated:

> [Y]ou have to instruct the jury that they are to take into account the punishment already received at the previous Article 15

as they consider an appropriate sentence. I believe it's the 20th of January that Airman Zamberlan received paperwork, vacating her suspended reduction to E–2, airman. And, I'd like that fact brought to the attention of the jury, and I'd like an appropriate instruction, saying that any reduction in rank should be considered as if she were an E–3, and the forfeiture in pay for the one month period be taken into account—not the forfeiture but the reduction of pay be taken into account as punishment already served. The vacation action arose from exactly the same situation for which we're on trial today, and the accused should not be punished twice for the same offense.

The judge refused to give the requested instruction. However, he did allow trial defense counsel to argue that, by vacating the suspension of the Article 15 punishment, the Air Force had already punished appellant for her THC use. Appellate defense counsel argues that the judge's failure to instruct was egregious error in light of·trial counsel's argument that the Article 15 punishment was not because of appellant's use of drugs, but because of her failure to follow a commander's order.

Appellate defense counsel relies on *United States v. Pierce*, 27 MJ 367, 369 (CMA 1989), which provides: "[A]n accused must be given *complete* credit for any and all nonjudicial punishment suffered: day-for-day, dollar-for-dollar, stripe-for-stripe." The defense further contends that *United States v. Breland*, 32 MJ 801 (ACMR 1991), and *United States v. Thompson*, 41 MJ 895 (Army Ct.Crim.App. 1995), support this position. The court in *Breland* held that the judge had not complied with *Pierce* when the judge said that he had considered "all matters" in determining an appropriate sentence, but did not say that he had considered the vacation of a suspension of Article 15 punishment. *Breland, supra* at 802–03.

The Government argues on appeal that appellant was not being punished twice for the same offense. The Government contends that appellant seeks to extend the *Pierce* principle requiring credit for prior nonjudi-

cial punishment for the same offense to situations involving the reimposition of suspended Article 15 punishment for offenses different than those brought to trial.

The court below held that failure of the judge to instruct on appellant's prior Article 15 punishment was not an abuse of discretion. The court relied on subparagraph 6a(5), Part V, Manual for Courts–Martial, United States (1995 ed.), which states that the vacation of a suspension of nonjudicial punishment "is not itself nonjudicial punishment."

## DISCUSSION

Appellant's reliance upon our decision in *Pierce* is misplaced. There, the accused received an Article 15 for larceny of an aviator kit bag and was subsequently court-martialed for the same larceny along with other charges. On appeal, Pierce argued that his nonjudicial punishment for the larceny barred a subsequent court-martial on the same charge. While concluding that Congress did not intend for an Article 15 to bar a subsequent trial for the same serious offense, the Court did not extend its rationale to an accused's punishment. Thus, the Court also held that an accused could not be punished twice for the same offense.

Here, appellant's Article 15 was for a different offense, so the due process concerns raised in *Pierce* are not implicated. The vacation of the suspension of appellant's nonjudicial punishment was, as the court below noted, essentially a reimposition of the original punishment.

Additionally, this Court stated in *United States v. Eby*, 44 MJ 425, 428 (1996), quoting *United States v. Damatta–Olivera*, 37 MJ 474, 478 (CMA 1993) (citations omitted):

The defense is not entitled to a requested instruction unless it is correct, necessary, and critical. As we have said:

.While counsel may request specific instructions from the military judge, the judge has substantial discretionary power in deciding on the instructions to give. The test to determine if denial of a requested instruction constitutes error is whether (1) the charge is correct; (2) "it

is not substantially covered in the main charge"; and (3) "it is on such a vital point in the case that the failure to give it deprived defendant of a defense or seriously impaired its effective presentation." We review the military judge's refusal to give the defense-requested instruction ... under an abuse-of-discretion standard of review.

The instruction requested by the defense was not correct. Both the reimposition of the prior punishment and its timing were in evidence. Thus, what defense counsel sought in the way of instruction was argued to the court members. However, the reimposition of prior punishment is a two-edged sword that is entitled to appropriate consideration by the members as mitigation or aggravation. Appellant could have been punished more severely because she failed to take advantage of a second chance, or, as the defense portrays, reimposition of the original nonjudicial punishment could also have been considered a matter of mitigation. An instruction on prior punishment must address both. Thus, it was not an abuse of discretion to refuse the defense requested instruction. *See United States v. Eby, supra.*

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges GIERKE and EFFRON concur.

SULLIVAN, Judge (concurring in the result):

The Court of Criminal Appeals found the facts pertinent to the granted issue. It found:

On 18 March 1993, appellant was offered nonjudicial punishment under Article 15, UCMJ, for disobeying an officer. She was reduced from the grade of E–3 to E–2. This punishment was subsequently suspended by a successor commander, until 3 February 1994. *On 25 January 1994, the successor commander vacated the suspension because of appellant's wrongful uses of hashish. Article 15, UCMJ. This misconduct also constituted the basis for the Charge for which appellant was court-martialed.* At trial, the defense counsel moved that the members be instructed to consider the vacation action (reduction and resultant loss of pay) in assessing an appropriate sentence. The military judge denied the motion.

Unpub. op. at 1–2 (emphasis added).

Federal cases hold that revocation of parole is not a punishment for the offenses which give rise to the revocation and a later criminal trial. *See United States v. Soto–Olivas,* 44 F.3d 788, 789 (9th Cir.1995); *United States v. Miller,* 797 F.2d 336, 340 (6th Cir.1986); *United States v. Whitney,* 649 F.2d 296, 298 (5th Cir.1981). I see no double-jeopardy issue here.

*United States v. Pierce,* 27 MJ 367 (CMA 1989), however, reflects broader concerns of fairness under military due process. Consequently, the defense-requested instruction may not have been erroneous. In my view, fair play and completeness dictate that a military judge, if requested, should give appropriate truth-in-sentencing instructions in these circumstances. *See United States v. Boone,* 42 MJ 308, 314 (Sullivan, C.J., dissenting) (1995). Nevertheless, in view of the punitive discharge awarded in this case, I see no prejudice. *See* Art. 58a, Uniform Code of Military Justice, 10 USC § 858a (automatic reduction to lowest enlisted rank upon punitive discharge).