IN THE CASE OF


UNITED STATES, Appellee

v.

Matthew J. MILLER, Senior Airman
U.S. Air Force, Appellant


No. 02-0449


Crim. App. No. 34031

---

United States Court of Appeals for the Armed Forces

Argued January 8, 2003

Decided June 11, 2003

ERDMANN, J., delivered the opinion of the Court, in which EFFRON and BAKER, JJ., joined. GIERKE, J., filed a separate opinion concurring in result. CRAWFORD, C.J., filed a separate opinion dissenting in part and concurring in the result.

### Counsel

For Appellant: Captain Antony B. Kolenc (argued); Colonel Beverly B. Knott and Major Terry L. McElyea (on brief); Major Jeffrey A. Vires and Captain Patrick J. Dolan.

For Appellee: Major John D. Douglas (argued); Colonel LeEllen Coacher, Lieutenant Colonel Lance B. Sigmon, and Captain Shannon J. Kennedy (on brief); Colonel Anthony P. Datillo and Captain Adam Oler.

Military Judge: W. Thomas Cumbie

Judge ERDMANN delivered the opinion of the Court.

Appellant, Senior Airman Matthew J. Miller, United States Air Force, was tried by general court-martial at Edwards Air Force Base, California. Pursuant to his pleas, he was convicted of drunk driving and one specification each of wrongful distribution and wrongful possession of methamphetamine in violation of Articles 111 and 112a, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 911, 912a (2000), respectively. A court of officer members sentenced him to a bad-conduct discharge and reduction to the grade of Airman First Class (E-3). On March 14, 2000, the convening authority approved the sentence as adjudged. On February 4, 2002, the Air Force Court of Criminal Appeals affirmed the findings and sentence. United States v. Miller, 56 M.J. 764 (A.F. Ct. Crim. App. 2002).

We granted review of the following issue:

> WHETHER THE AIR FORCE COURT OF CRIMINAL
> APPEALS ERRED BY ASSERTING THAT MILITARY
> JUDGES ARE NOT REQUIRED TO INSTRUCT COURT-
> MARTIAL MEMBERS THAT AN ACCUSED'S PRETRIAL
> CONFINEMENT IS A MATTER IN MITIGATION.

We find that the military judge and the Court of Criminal Appeals erred. However, under the facts of this case, Appellant was not prejudiced, and therefore we affirm on grounds set forth below.

Facts

   Prosecution Exhibit (PE) 2, a "Personal Data Sheet," reflected that Appellant served three days in civilian confinement.  This entry was captioned "pretrial restraint." Based on PE 2 and the fact that the civilian confinement was "for the same charge that is part of this case," the parties agreed that Appellant would be entitled to three days of credit for pretrial confinement served.  The military judge indicated that he would order that credit "at the conclusion of the proceeding."

   While discussing sentencing instructions the military judge stated that he would give "the standard sentencing instructions contained in the Military Judge's Benchbook[.]"  At that point there was no specific discussion of an instruction on pretrial confinement as a sentencing factor or an instruction on pretrial confinement credit.  During the presentencing instructions, although he told the members to consider all the evidence in extenuation and mitigation, the military judge did not specifically reference the three days of pretrial restraint at the hands of civilian authorities, nor did he instruct the members that Appellant would be credited with three days of confinement served in the event confinement was adjudged.  At the conclusion of the presentencing instructions, the following transpired:

> [Military Judge]:  Counsel for either side, objections to my instructions or requests for additional instructions?
>
> [Assistant Trial Counsel]:  None from the Government, Your Honor.

> [Assistant Defense Counsel]: Yes, Your Honor, the Defense requests that the pretrial confinement credit instruction be given.
>
> [Military Judge]: I'm going to provide that independent of whatever happens.
>
> [Assistant Defense Counsel]: Okay.

The military judge later stated during a session pursuant to Article 39(a), UCMJ, § 10 U.S.C. 839(a) (2000), that Appellant would "be credited with three days of pretrial confinement against any term of confinement should confinement be adjudged." No similar information was provided to the members by way of an instruction. Additionally, the members were not instructed that the three days of pretrial confinement should be considered in adjudging an appropriate sentence.


## Discussion

Had complete instructions been given in this case, the military judge would have instructed the members on two matters relating to the pretrial confinement. First, he would have instructed the members that they should "consider" the pretrial confinement in determining an appropriate sentence. That instruction would have been substantially as follows:

> In selecting a sentence, you should consider all matters in extenuation and mitigation as well as those in aggravation. Thus, all the evidence you have heard in this case is relevant on the subject of sentencing.
>
> You should consider evidence as to the nature of the offenses of which the accused stands convicted, plus the duration of the accused's pretrial confinement.

See Legal Services, Dep't of the Army, Pamphlet 27-9, Military Judges' Benchbook 2-6-10 and 2-6-11, at 98-99 (2001) [hereinafter Benchbook].

Second, in light of defense counsel's request, the military judge would have instructed that Appellant would receive a credit for confinement served. That instruction would have been substantially as follows:

> In determining an appropriate sentence in this case, you should consider that the accused has spent three days in pretrial confinement. If you adjudge confinement as part of your sentence, the days the accused spent in pretrial confinement will be credited against any sentence to confinement you may adjudge. This credit will be given by the authorities at the correctional facility where the accused is sent to serve his confinement, and will be given on a day for day basis.

See Benchbook 2-6-10, at 94.

The obligation upon the military judge to give either or both of these instructions involves distinct legal considerations. Therefore, we proceed to evaluate each instruction separately.

### A. Pretrial confinement as a matter to consider in adjudging an appropriate sentence.

A military judge is required to "give the members appropriate instructions on sentence." Rules for Courts-Martial 1005(a) [hereinafter R.C.M.]. Appropriate instructions must be tailored to the facts of a case and must include, in part, "[a] statement that the members should consider all matters in extenuation, mitigation, and aggravation, whether introduced

before or after findings, and matters under R.C.M. 1001(b)(1), (2), (3) and (5)."  R.C.M. 1005(e)(5).

Rule for Courts-Martial 1005 provides three separate bases for instructing on pretrial restraint.  First, "[t]rial counsel shall inform the court-martial of the data on the charge sheet relating to . . . the duration and nature of any pretrial restraint."  R.C.M. 1001(b)(1).  Rule for Courts-Martial 1005(e)(5) then requires the military judge to instruct the members to "consider" this information.  Second, R.C.M. 1005(e)(5) requires the military judge to instruct the members to consider "[p]ersonal data" of the accused submitted by the trial counsel pursuant to R.C.M. 1001(b)(2).  As noted above, trial counsel provided the court-martial with a "Personal Data Sheet" reflecting Appellant's pretrial restraint.  Third, although pretrial restraint is not specifically referenced in R.C.M. 1005(e)(5), the discussion to that rule states that tailored instructions "should bring attention to . . . any pretrial restraint imposed on the accused."

In United States v. Davidson, 14 M.J. 81 (C.M.A. 1982), we addressed the failure of a military judge to instruct that the accused's time in pretrial confinement should be considered by the members in arriving at an appropriate sentence.  Davidson was in pretrial confinement for 143 days.  Id. at 83.  He called sentencing witnesses who testified about his "good conduct while in pretrial confinement," and defense counsel argued that the pretrial confinement should be considered in adjudging an appropriate sentence.  Id. at 82-83.

In Davidson, defense counsel did not request, and the military judge did not give, any instruction to the members indicating that pretrial confinement should be considered in arriving at an appropriate sentence. Id. at 83. We noted that the President directed in Manual for Courts-Martial, United States, 1951 paragraph 75b(1), that pretrial confinement was a matter to bring to the members' attention, and that United States v. Wheeler, 17 C.M.A. 274, 277, 34 C.M.R. 72, 75 (1967), required a delineation of the matters the members should consider on sentencing. Consequently, we held that "the military judge's rote instructions" that omitted any instruction on considering pretrial confinement "were inadequate as a matter of law." Davidson, 14 M.J. at 86.

Despite both the President's decision and the holding of this Court in Davidson, the Air Force Court of Criminal Appeals in this case determined that whether to give a pretrial restraint instruction was a matter resting within the discretion of the military judge. Miller, 56 M.J. at 768. Thus, rather than reviewing the absence of the pretrial confinement instruction as an error impacting on the completeness of the sentencing instructions, the Air Force court reviewed this issue under an abuse of discretion standard.

Contrary to the holding of the Air Force court, Davidson correctly reflects that where an accused has served pretrial confinement, the military judge must instruct the members that the pretrial confinement is a factor to consider in fashioning an appropriate sentence. The President has determined that such an instruction is required during court-martial sentencing

proceedings.  See R.C.M. 1005(e).  At the time that the Court of Criminal Appeals reviewed this issue, Davidson stood as the precedent of this Court.  In United States v. Sills, 56 M.J. 239 (C.A.A.F. 2002), this Court addressed another decision of the Air Force Court of Criminal Appeals that was contrary to United States v. Turner, 25 M.J. 324 (C.M.A. 1987), a precedent of this Court.  There, we noted:

> [T]he Supreme Court's guidance in Payne v. Tennessee, 501 U.S. 808, 827, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991), regarding the doctrine of stare decisis:  adherence to precedent "is the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process."  It is a principle of decisionmaking, not a rule, and need not be followed when the precedent at issue is "unworkable or . . . badly reasoned."  Id.

Id. at 241.  We went on to note that the Air Force court had not shown Turner to be either unworkable or badly reasoned.  Id.

Here, the Air Force Court of Criminal Appeals attempts to deviate from our precedent without a showing that Davidson is "unworkable or . . . badly reasoned."  The lower court pays slight attention to a presidential mandate requiring this instruction or to this Court's mandate in Davidson when it concludes that there is "no reason" not to apply the abuse of discretion test.  Miller, 56 M.J. at 768.  On the contrary, the reason is clear:  R.C.M. 1005(e)(5).

Rule for Courts-Martial 1005 carries the President's direction to instruct on pretrial confinement as a factor to consider in adjudging an appropriate sentence.  In our view,

nothing has changed to warrant a conclusion that Davidson is either inaccurate or based upon an outmoded view of the law. A military judge must instruct that the members in adjudicating an appropriate sentence should consider pretrial confinement.

The parties agreed that Appellant served three days in pretrial confinement pursuant to the charges before the court-martial. Pretrial confinement was also reflected on the "Personal Data Sheet" offered during sentencing. This evidence triggered the military judge's obligation to instruct. See R.C.M. 1005(e)(5). Because he did not instruct the members that they should consider Appellant's pretrial confinement in adjudging an appropriate sentence, the military judge erred. The instructions, as given, "were inadequate as a matter of law." Davidson, 14 M.J. at 86.

The Government argues that Appellant waived this instruction by failing to object to the instructions or request further instructions before the members retired to deliberate on sentence. Although Appellant did not object to the instructions as given, waiver is inapplicable. We have held that R.C.M. 920(f)'s waiver rule is inapplicable to certain mandatory instructions such as reasonable doubt, the elements of the offenses, and affirmative defenses. United States v. Davis, 53 M.J. 202, 205 (C.A.A.F. 2000). Similarly, we hold that R.C.M. 1005(f)'s rule of waiver does not serve to forfeit review of this issue. The military judge bears the primary responsibility for ensuring that mandatory instructions, including the pretrial confinement instruction mandated by the President in R.C.M.

1005(e) and by this Court's decision in <u>Davidson</u>, are given and given accurately.

B. Pretrial confinement credit instruction.

The military judge was requested to give the pretrial confinement credit instruction and he said he would "provide that independent of whatever happens."  It is not completely clear whether the military judge was referring to the requested instruction or the credit itself.  For purposes of this appeal and from the context of his statement, we will assume that the military judge was referring to the requested pretrial confinement credit instruction.  The military judge did not, however, give the requested pretrial confinement credit instruction.

While counsel may request specific instructions, the military judge has substantial discretion in deciding on the instructions to give and whether the requested instruction is appropriate.  <u>United States v. Smith</u>, 34 M.J. 200, 203 (C.M.A. 1992).  This discretion must be exercised in light of correct principles of law as applied to the facts and circumstances of the case.  <u>United States v. Greaves</u>, 46 M.J. 133, 139 (C.A.A.F. 1997).  Denial of a requested instruction is error if: (1) the requested instruction is correct; (2) "it is not substantially covered in the main charge"; and (3) "it is on such a vital point in the case that the failure to give it deprived [the] defendant of a defense or seriously impaired its effective presentation."  <u>United States v. Zamberlan</u>, 45 M.J. 491, 492-93 (C.A.A.F. 1997) (quoting <u>United States v. Eby</u>, 44 M.J. 425, 428 (C.A.A.F. 1996)).

See also United States v. Damatta-Olivera, 37 M.J. 474, 478 (C.M.A. 1983).

Turning to whether the military judge erred in not giving the requested pretrial confinement credit instruction in this case, Appellant meets the first two requirements of the test. First, the requested instruction was correct. The military judge said he would use the "standard" instructions in the Benchbook and the standard pretrial confinement credit instruction is consistent with the instruction we approved in United States v. Balboa, 33 M.J. 304 (C.M.A. 1991). Second, the pretrial confinement credit instruction was not covered elsewhere in the sentencing instructions. As noted, the military judge did not instruct on pretrial confinement as a sentencing factor and he did not instruct on pretrial confinement credit.

However, the requested pretrial confinement credit instruction was not "on such a vital point in the case that the failure to give it deprived [the] defendant of a defense or seriously impaired its effective presentation." Zamberlan, 45 M.J. at 493. In fact, the three days in pretrial confinement were a negligible part of the defense sentencing case. Appellant did not highlight the nature or duration of his pretrial confinement as a mitigating factor. There was no evidence relating to Appellant's good conduct while incarcerated under civilian control. Appellant did not even argue that the pretrial confinement should be considered in adjudging an appropriate sentence. Under these circumstances, there was no abuse of discretion in not giving the requested pretrial confinement instruction.

### C.  Harmlessness.

Although the military judge erred by not giving the general sentencing instruction on pretrial confinement, and even if he erred by not giving the requested pretrial confinement instruction as he said he would, we are convinced that Appellant suffered no prejudice.  The record reveals no evidence to suggest that the nature of the pretrial confinement was unduly harsh or rigorous.  In the scheme of the defense sentencing case, three days in pretrial confinement was de minimis.  The issue of three days in pretrial confinement was obviously of little consequence to either party.  Finally, given the facts of this case, we note that the adjudged sentence was favorable to Appellant.  Under the circumstances, Appellant was not prejudiced by the absence of the standard Benchbook instructions on pretrial confinement and pretrial confinement credit.

### Decision

Although we do not adopt the reasoning in the decision of the United States Air Force Court of Criminal Appeals, that decision is affirmed on the grounds set forth in this opinion.

United States v. Miller, No. 02-0449/AF

GIERKE, Judge (concurring in the result):

I agree with the majority that a tailored instruction on pretrial confinement was mandatory in this case, but I believe that the mandate flows from this Court's decision in United States v. Davidson, 14 M.J. 81 (C.M.A. 1982), not Rules for Courts-Martial R.C.M. 1005(e)(5) [hereinafter R.C.M.]. The issue, as I see it, is whether R.C.M. 1005(e)(5), standing alone, requires a tailored instruction specifically delineating all the evidence in "extenuation, mitigation, and aggravation . . . and matters introduced under R.C.M. 1001(b)(1), (2), (3), and (5)."

On its face, the rule does not require a tailored instruction delineating all evidence in each of the above categories. I believe that the plain language of R.C.M. 1005(e)(5) regarding matters introduced under R.C.M. 1001(b)(1) and (2) would be satisfied if the military judge simply instructed the members to consider all of the information on the front page of the charge sheet and the personal data in the accused's service record.

If R.C.M. 1005(e)(5) required an instruction specifically delineating all the information submitted under R.C.M. 1001(b)(1) it would require a specific instruction regarding each of the matters listed on the first page of the charge sheet, including grade or rank, pay grade, initial date of

current service, and pay.  Read in connection with R.C.M. 1001(b)(2), it also would require a specific instruction on virtually every entry in the accused's service record.

Davidson recognized that pretrial confinement is a significant sentencing factor that warrants special consideration.  Davidson was not overruled by R.C.M. 1005(e)(5). To the contrary, they are consistent and complementary.  I believe that R.C.M. 1005(e)(5), when read and applied in light of Davidson, requires a tailored instruction with respect to pretrial confinement; but it does not necessarily require specific mention of every other matter encompassed by R.C.M. 1001(b)(1), (2), (3), and (5).  Accordingly, I agree with the lead opinion's holding that a specific instruction on pretrial confinement was required.

CRAWFORD, Chief Judge (dissenting in part and concurring in the result):

I would apply waiver because of the lack of defense objections at various times throughout the trial, conduct a plain error analysis, and conclude that Appellant did not suffer any material prejudice.

The majority indicates that the "waiver rule is inapplicable to certain mandatory instructions," ___ M.J. (9), because the military judge bears the primary responsibility for ensuring that mandatory instructions are given. On the contrary, the instruction Appellant addresses in this appeal was not mandatory in this case under the Uniform Code of Military Justice [hereinafter UCMJ], the Manual for Courts-Martial, United States (2002 ed.) [hereinafter MCM], or United States v. Davidson, 14 M.J. 81 (C.M.A. 1981), when read in conjunction with United States v. Allen, 17 M.J. 126 (C.M.A. 1984). In short, the defense at trial made a knowing waiver and, furthermore, suffered no harm.

APPLICABLE LAW

Article 51, UCMJ, 10 U.S.C. § 851 (2000), provides for mandatory instructions on the elements of the offense, the presumption of innocence, proof beyond a reasonable doubt, and the burden of proof. The MCM amplifies the UCMJ, setting forth a requirement for instructions on the maximum punishment, the

impact of a punitive discharge, the procedures for deliberation and voting, a reminder to the members that they are solely responsible for an appropriate sentence and "should consider all matters in extenuation, mitigation, and aggravation, whether introduced before or after findings, and matters introduced under R.C.M. 1001(b)(1)[.]"  Rules for Courts-Martial 1005(e)(5) [hereinafter R.C.M.].

R.C.M. 1001(b)(1) expressly mandates that "[t]rial counsel shall inform the court-martial of the data on the charge sheet relating to . . . the duration and nature of any pretrial restraint."  The non-binding discussion following R.C.M. 1005(e)(5) states: "[T]ailored instructions on sentencing should bring attention to the reputation or record of the accused in the service for good conduct, efficiency, fidelity, courage, bravery, or other traits of good character, and any pretrial restraint imposed on the accused."  While the charge sheet did not show any pretrial restraint, the stipulation of fact and the personal data sheet both showed three days of civilian confinement.

As the majority notes, Davidson further informs the Court's analysis of the issue; however, I disagree with the majority's interpretation of Davidson.  It is significant that Davidson was a 1-1-1 opinion.  First, Judge Fletcher indicated that United States v. Wheeler, 17 C.M.A. 274, 38 C.M.R. 72 (1967),

2

"delineate[d] the matters which the members should consider in their deliberation, . . . hold[ing] the military judge's rote instructions in . . . [Davidson's] case were inadequate as a matter of law." 14 M.J. at 86. Wheeler is different from the present case because in Wheeler, the instruction contained "[n]ot a word . . . about the evidence in extenuation or aggravation," but only guidance on the maximum punishment. 17 C.M.A. at 274, 38 C.M.R. at 74.

In addition, Judge Cook, concurring in part and dissenting in part, recognized that the MCM provided that the members "may consider" pretrial confinement when imposing a sentence, and added that it was not a requirement to consider pretrial confinement, even under the Equal Protection Clause. Davidson, 14 M.J. at 91.

Finally, Chief Judge Everett, concurring in the result, agreed that the absence of an instruction was prejudicial since there is no requirement that the accused "receive credit on his sentence for pretrial confinement[.]" Id. at 87. Importantly, this concurrence was converted to the majority stance in Allen, where the Court held that an accused must be given day-for-day credit for time spent in lawful pretrial confinement. 17 M.J. at 128.

The majority reads too much into Davidson. In Davidson, the Court held that "rote instructions" to consider decorations

and "all the facts and circumstances of this case as extenuated and mitigated by other matters" were inadequate. The Court did not hold what was required. The failure to mention the 143 days of pretrial confinement in Davidson was held to be error, but there is no language in Davidson that says or holds it is mandatory for the instructions to include a comment that pretrial confinement is to be considered as a matter in extenuation or mitigation.

## DISCUSSION

The defense in the present case failed to capitalize on several opportunities to object or to request clarifying instructions, and in so doing, waived any further instruction on extenuation and mitigation.

First, the members of the court-martial knew that civilian authorities incarcerated Appellant for three days of pretrial confinement, as the issue was resolved prior to trial through stipulation.

> [Assistant Defense Counsel]: Before going into documentary evidence looking at Prosecution Exhibit 2, the personal data sheet, showing that Airman Miller spent three days in civilian confinement and on the charge sheet it doesn't indicate that.

> [Military Judge]: I noticed that. And it is not the Defense's position that the Accused is entitled to any credit for those three days?

> [Assistant Defense Counsel]: It is, Your Honor.

> [Military Judge]: It is?

4

> [Assistant Defense Counsel]:  Yes, your Honor.
>
> [Military Judge]:  And the Government's position?
>
> [Trial Counsel]:  Your Honor, I did have a chance to research this and discuss with Colonel Weeks, our Staff Judge Advocate. The Government's position is that because his pretrial confinement was for the same charge that is part of this case, that it would be the fact that the Accused was entitled to pretrial credit time.

The defense contends that the judge forgot to give an instruction required by the Military Judges' Benchbook.  See Legal Services, Dep't of the Army, Pamphlet 27-9, Military Judges' Benchbook (2001).  On the contrary, the military judge already had an agreement from both sides that the three days would be credited against any confinement adjudged.

Moreover, immediately prior to the members' deliberation on the appropriate sentence, Appellant requested an instruction that the members specifically consider his pretrial confinement.

> [Military Judge]:  Counsel for either side, objections to my instructions or requests for additional instructions?
>
> [Trial Counsel]:  None from the Government, Your Honor.
>
> [Assistant Defense Counsel]:  Yes, Your Honor, the Defense requests that the pretrial confinement credit instruction be given.
>
> [Military Judge]:  I'm going to provide that independent of whatever happens.
>
> [Assistant Defense Counsel]:  Okay.

5

This discussion occurred in front of the members. Appellant neither objected nor requested further instructions before the members began their deliberations, as he was no doubt satisfied that he would get credit under Allen.

After commencing their deliberations, the members raised a question concerning whether any confinement would be served locally. Appellant again failed to exploit an opportunity for objection.

> [Military Judge]: Now in answer to your question number 3, is confinement conducted locally? Does it make a difference if it's done in conjunction with a discharge or would a discharge force the confinement to be done in a different location?
>
> Let me answer the question in parts. A discharge, if the members determine that a punitive discharge was appropriate in this case, would not drive where any confinement were served if you were to also adjudge confinement.
>
> Now if the court members determine that confinement is appropriate the Accused will be transferred to the Air Force Correctional System. Now what that means is there are a lot of factors that would factor into whether or not the Accused would serve his confinement locally or somewhere else and that would include things such as the length of the term of confinement, obviously, the availability of bed space, the availability of facilities, the availability of correctional personnel. Again, a whole number of factors which without knowing -- we can't tell you exactly what those factors would be, so I can't tell you if you give him x amount of time, if you determine confinement is appropriate, that he would serve it here or x amount of time, he might serve confinement somewhere else. That's just impossible to do.

> Now that partially answers your question.  I
> realize it doesn't answer the other part, but as
> best we can does that answer your question?
>
> [Affirmative response from all members.]
>
> [Military Judge]:  Both sides are you satisfied
> with that explanation?
>
> [Assistant Defense Counsel]:  Yes, Your Honor
>
> [Trial Counsel]:  Yes, Your Honor.

Finally, the members resumed deliberating, and the military judge convened a session under Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2000), addressing confinement.

> [Military Judge]:  This Article 39(a) Session
> is called to order.  The parties are present.
> The members are absent.
>
> My understanding is that both sides concur
> that the Accused should be credited with three
> days of pretrial confinement against his term of
> confinement should there be confinement.
>
> [Assistant Defense Counsel]:  Yes, sir.
>
> [Military Judge]:  So the Accused will be credited
> with three days of pretrial confinement against
> any term of confinement should confinement be
> adjudged.
>
> . . . .
>
> [Military Judge]:  Any matter that either side can
> think [of] that we need to take up prior to
> closing for the members deliberations?
>
> [Assistant Defense Counsel]: Not from the Defense,
> Your Honor.
>
> [Trial Counsel]:  No, Your Honor.
>
> [Military Judge]:  This Article 39(a)
> Session is adjourned.

Consistent with the practice throughout trial, defense counsel failed to object or to request clarifying instructions.

7

Application of waiver in the absence of plain error disposes of this case because Appellant suffered no substantial harm from the omission of the instruction. First, the parties were never focused on the three days' credit. The prosecution argued for a discharge and 15 months of confinement. To counter this argument, the defense three times asked the panel for four months of confinement. The three days' credit was therefore de minimis, and even counter to the argument defense counsel was making to the members at the time.

Moreover, the judge instructed the members to give "due consideration to all matters in mitigation and extenuation[.]" Later in the instruction, he again told the members to consider matters in mitigation. Additionally, the judge very carefully discussed with counsel from both sides more than ten factors addressed in Wheeler, and gave more than just "rote instructions."

In sum, Appellant clearly assumed he would receive the credit pursuant to Allen. As Chief Judge Everett noted in Davidson -- Allen's precursor -- the credit could be given, as the military judge in this case planned, by reducing the sentence or directing the convening authority to give credit. 14 M.J. at 87 n.2.

Thus, I disagree that Davidson requires a mandatory instruction on pretrial confinement. R.C.M. 1005(e) and R.C.M.

8

United States v. Miller, No. 02-0449/AF

1001(b)(1) requirements were not triggered.  Moreover, there was no plain error.  To establish plain error, Appellant has the burden of showing that there was (1) error; (2) that it is plain; (3) that it "affect[s] substantial rights"; and (4) "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."  Johnson v. United States, 520 U.S. 461, 467 (1997).  See also United States v. Kho, 54 M.J. 63, 65 (C.A.A.F. 2000)(Crawford, C.J., concurring in the result).  In this case, even assuming Appellant has met his burden as to (1) and (2), he has not met his burden as to (3) and (4).  The parties in this case realized the futility of arguing for a mere three days' credit for pretrial confinement, in light of counsel's arguments for a maximum punishment of 15 months and 4 months, respectively.  The defense simply knew they were better off getting a sure three days' credit after trial.

Accordingly, I dissent from the majority's rationale, but concur in the result.