Judge ERDMANN
delivered the opinion of the Court.
Appellant, Senior Airman Matthew J. Miller, United States Air Force, was tried by general court-martial at Edwards Air Force Base, California. Pursuant to his pleas, he was convicted of drunk driving and one specification each of wrongful distribution and wrongful possession of methamphetamine in violation of Articles 111 and 112a, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 911, 912a (2000), respectively. A court of officer members sentenced him to a bad-conduct discharge and reduction to the grade of Airman First Class (E-3). On March 14, 2000, the convening authority approved the sentence as adjudged. On February 4, 2002, the Air Force Court of Criminal Appeals affirmed the findings and sentence. United States v. Miller, 56 M.J. 764 (A.F.Ct.Crim.App.2002).
We granted review of the following issue: WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED BY ASSERTING THAT MILITARY JUDGES ARE NOT REQUIRED TO INSTRUCT COURT-MARTIAL MEMBERS THAT AN ACCUSED’S PRETRIAL CONFINEMENT IS A MATTER IN MITIGATION.
We find that the military judge and the Court of Criminal Appeals erred. However, under the facts of this case, Appellant was not prejudiced, and therefore we affirm on grounds set forth below.

Facts

Prosecution Exhibit (PE) 2, a “Personal Data Sheet,” reflected that Appellant served three days in civilian confinement. This entry was captioned “pretrial restraint.” Based on PE ,2 and the fact that the civilian confinement was “for the same charge that is part of this ease,” the parties agreed that Appellant would be entitled to three days of credit for pretrial confinement served. The military judge indicated that he would order that credit “at the conclusion of the proceeding.”
While discussing sentencing instructions the military judge stated that he would give “the standard sentencing instructions contained in the Military Judge’s Benchbook[.]” At that point there was no specific discussion of an instruction on pretrial confinement as a sentencing factor or an instruction on pretrial confinement credit. During the presentencing instructions, although he told the members to consider all the evidence in extenuation and mitigation, the military judge did not specifically reference the three days of pretrial restraint at the hands of civilian authorities, nor did he instruct the members that Appellant would be credited with three days of confinement served in the event confinement was adjudged. At the conclusion of the presentencing instructions, the following transpired:
[Military Judge]: Counsel for either side, objections to my instructions or requests for additional instructions?
[Assistant Trial Counsel]: None from the Government, Your Honor.
*268 [Assistant Defense Counsel]: Yes, Your Honor, the Defense requests that the pretrial confinement credit instruction be given.
[Military Judge]: I’m going to provide that independent of whatever happens. [Assistant Defense Counsel]: Okay.
The military judge later stated during a session pursuant to Article 39(a), UCMJ, § 10 U.S.C. 839(a) (2000), that Appellant would “be credited with three days of pretrial confinement against any term of confinement should confinement be adjudged.” No similar information was provided to the members by way of an instruction. Additionally, the members were not instructed that the three days of pretrial confinement should be considered in adjudging an appropriate sentence.

Discussion

Had complete instructions been given in this ease, the military judge would have instructed the members on two matters relating to the pretrial confinement. First, he would have instructed the members that they should “consider” the pretrial confinement in determining an appropriate sentence. That instruction would have been substantially as follows:
In selecting a sentence, you should consider all matters in extenuation and mitigation as well as those in aggravation. Thus, all the evidence you have heard in this case is relevant on the subject of sentencing. You should consider evidence as to the nature of the offenses of which the accused stands convicted, plus the duration of the accused’s pretrial confinement.
See Legal Services, Dep’t of the Army, Pamphlet 27-9, Military Judges’ Benchbook 2-6-10 and 2-6-11, at 98-99 (2001) [hereinafter Benchbook].
Second, in light of defense counsel’s request, the military judge would have instructed that Appellant would receive a credit for confinement served. That instruction would have been substantially as follows:
In determining an appropriate sentence in this ease, you should consider that the accused has spent three days in pretrial confinement. If you adjudge confinement as part of your sentence, the days the accused spent in pretrial confinement will be credited against any sentence to confinement you may adjudge. This credit will be given by the authorities at the correctional facility where the accused is sent to serve his confinement, and will be given on a day for day basis.
See Benchbook 2-6-10, at 94.
The obligation upon the military judge to give either or both of these instructions involves distinct legal considerations. Therefore, we proceed to evaluate each instruction separately.
A. Pretrial confinement as a matter to consider in adjudging an appropriate sentence.
A military judge is required to “give the members appropriate instructions on sentence.” Rules for Courts-Martial 1005(a) [hereinafter R.C.M.]. Appropriate instructions must be tailored to the facts of a case and must include, in part, “[a] statement that the members should consider all matters in extenuation, mitigation, and aggravation, whether introduced before or after findings, and matters under R.C.M. 1001(b)(1), (2), (3) and (5).” R.C.M. 1005(e)(5).
Rule for Courts-Martial 1005 provides three separate bases for instructing on pretrial restraint. First, “[t]rial counsel shall inform the court-martial of the data on the charge sheet relating to ... the duration and nature of any pretrial restraint.” R.C.M. 1001(b)(1). Rule for Courts-Martial 1005(e)(5) then requires the military judge to instruct the members to “consider” this information. Second, R.C.M. 1005(e)(5) requires the military judge to instruct the members to consider “[personal data” of the accused submitted by the trial counsel pursuant to R.C.M. 1001(b)(2). As noted above, trial counsel provided the court-martial with a “Personal Data Sheet” reflecting Appellant’s pretrial restraint. . Third, although pretrial restraint is not specifically referenced in R.C.M. 1005(e)(5), the discussion to that rule states that tailored instructions “should bring attention to ... any pretrial restraint imposed on the accused.”
*269 In United States v. Davidson, 14 M.J. 81 (C.M.A.1982), we addressed the failure of a military judge to instruct that the accused’s time in pretrial confinement should be considered by the members in arriving at an appropriate sentence. Davidson was in pretrial confinement for 143 days. Id. at 83. He called sentencing witnesses who testified about his “good conduct while in pretrial confinement,” and defense counsel argued that the pretrial confinement should be considered in adjudging an appropriate sentence. Id. at 82-83.
In Davidson, defense counsel did not request, and the military judge did not give, any instruction to the members indicating that pretrial confinement should be considered in.arriving at an appropriate sentence. Id. at 83. We noted that the President directed in Manual for Courts-Martial, United States, 1951 paragraph 75b(l), that pretrial confinement was a matter to bring to the members’ attention, and that United States v. Wheeler, 17 C.M.A. 274, 277, 38 C.M.R. 72, 75, (1967), required a delineation of the matters the members should consider on sentencing. Consequently, we held that “the military judge’s rote instructions” that omitted any instruction on considering pretrial confinement “were inadequate as a matter of law.” Davidson, 14 M.J. at 86.
Despite both the President’s decision and the holding of this Court in Davidson, the Air Force Court of Criminal Appeals in this case determined that whether to give a pretrial restraint instruction was a matter resting within the discretion of the military judge. Miller, 56 M.J. at 768. Thus, rather than reviewing the absence of the pretrial confinement instruction as an error impacting on the completeness of the sentencing instructions, the Air Force court reviewed this issue under an abuse of discretion standard.
Contrary to the holding of the Air Force court, Davidson correctly reflects that where an accused has served pretrial confinement, the military judge must instruct the members that the pretrial confinement is a factor to consider in fashioning an appropriate sentence. The President has determined that such an instruction is required during court-martial sentencing proceedings. See R.C.M. 1005(e). At the time that the Court of Criminal Appeals reviewed this issue, Davidson stood as the precedent of this Court. In United States v. Sills, 56 M.J. 239 (C.A.A.F. 2002), this Court addressed another decision of the Air Force Court of Criminal Appeals that was contrary to United States v. Turner, 25 M.J. 324 (C.M.A.1987), a precedent of this Court. There, we noted:
[T]he Supreme Court’s guidance in Payne v. Tennessee, 501 U.S. 808, 827, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991), regarding the doctrine of stare decisis: adherence to precedent “is the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process.” It is a principle of decisionmaking, not a rule, and need not be followed when the precedent at issue is “unworkable or ... badly reasoned.” Id.
Id. at 241. We went on to note that the Air Force court had not shown Turner to be either unworkable or badly reasoned. Id.
Here, the Air Force Court of Criminal Appeals attempts to deviate from our precedent without a showing that Davidson is “unworkable or ... badly reasoned.” The lower court pays slight attention to a presidential mandate requiring this instruction or to this Court’s mandate in Davidson when it concludes that there is “no reason” not to apply the abuse of discretion test. Miller, 56 M.J. at 768. On the contrary, the reason is clear: R.C.M. 1005(e)(5).
Rule for Courts-Martial 1005 carries the President’s direction to instruct on pretrial confinement as a factor to consider in adjudging an appropriate sentence. In our view, nothing has changed to warrant a conclusion that Davidson is either inaccurate or based upon an outmoded view of the law. A military judge must instruct that the members in adjudicating an appropriate sentence should consider pretrial confinement.
The parties agreed that Appellant served three days in pretrial confinement *270 pursuant to the charges before the court-martial. Pretrial confinement was also reflected on the “Personal Data Sheet” offered during sentencing. This evidence triggered the military judge’s obligation to instruct. See R.C.M. 1005(e)(5). Because he did not instruct the members that they should consider Appellant’s pretrial confinement in adjudging an appropriate sentence, the military judge erred. The instructions, as given, “were inadequate as a matter of law.” Davidson, 14 M.J. at 86.
The Government argues that Appellant waived this instruction by failing to object to the instructions or request further instructions before the members retired to deliberate on sentence. Although Appellant did not object to the instructions as given, waiver is inapplicable. We have held that R.C.M. 920(f)’s waiver rule is inapplicable to certain mandatory instructions such as reasonable doubt, the elements of the offenses, and affirmative defenses. United States v. Davis, 53 M.J. 202, 205 (C.A.A.F.2000). Similarly, we hold that R.C.M. 1005(f)’s rule of waiver does not serve to forfeit review of this issue. The military judge bears the primary responsibility for ensuring that mandatory instructions, including the pretrial confinement instruction mandated by the President in R.C.M. 1005(e) and by this Court’s decision in Davidson, are given and given accurately.
B. Pretrial confinement credit instruction.
The military judge was requested to give the pretrial confinement credit instruction and he said he would “provide that independent of whatever happens.” It is not completely clear whether the military judge was referring to the requested instruction or the credit itself. For purposes of this appeal and from the context of his statement, we will assume that the military judge was referring to the requested pretrial confinement credit instruction. The military judge did not, however, give the requested pretrial confinement credit instruction.
While counsel may request specific instructions, the military judge has substantial discretion in deciding on the instructions to give and whether the requested instruction is appropriate. United States v. Smith, 34 M.J. 200, 203 (C.M.A.1992). This discretion must be exercised in light of correct principles of law as applied to the facts and circumstances of the case. United States v. Greaves, 46 M.J. 133, 139 (C.A.A.F.1997). Denial of a requested instruction is error if: (1) the requested instruction is correct; (2) “it is not substantially covered in the main charge”; and (3) “it is on such a vital point in the case that the failure to give it deprived [the] defendant of a defense or seriously impaired its effective presentation.” United States v. Zamberlan, 45 M.J. 491, 492-93 (C.A.A.F.1997) (quoting United States v. Eby, 44 M.J. 425, 428 (C.A.A.F.1996)). See also United States v. Damatta-Olivera, 37 M.J. 474, 478 (C.M.A.1993).
Turning to whether the military judge erred in not giving the requested pretrial confinement credit instruction in this case, Appellant meets the first two requirements of the test. First, the requested instruction was correct. The military judge said he would use the “standard” instructions in the Benchbook and the standard pretrial confinement credit instruction is consistent with the instruction we approved in United States v. Balboa, 33 M.J. 304 (C.M.A.1991). Second, the pretrial confinement credit instruction was not covered elsewhere in the sentencing instructions. As noted, the military judge did not instruct on pretrial confinement as a sentencing factor and he did not instruct on pretrial confinement credit.
However, the requested pretrial confinement credit instruction was not “on such a vital point in the case that the failure to give it deprived [the] defendant of a defense or seriously impaired its effective presentation.” Zamberlan, 45 M.J. at 493. In fact, the three days in pretrial confinement were a negligible part of the defense sentencing case. Appellant did not highlight the nature or duration of his pretrial confinement as a mitigating factor. There was no evidence relating to Appellant’s good conduct while incarcerated under civilian control. Appellant did not even argue that the pretrial confinement should be considered in adjudg *271 ing an appropriate sentence. Under these circumstances, there was no abuse of discretion in not giving the requested pretrial confinement instruction.
C. Harmlessness.
Although the military judge erred by not giving the general sentencing instruction on pretrial confinement, and even if he erred by not giving the requested pretrial confinement instruction as he said he would, we are convinced that Appellant suffered no prejudice. The record reveals no evidence to suggest that the nature of the pretrial confinement was unduly harsh or rigorous. In the scheme of the defense sentencing case, three days in pretrial confinement was de minimis. The issue of three days in pretrial confinement was obviously of little consequence to either party. Finally, given the facts of this case, we note that the adjudged sentence was favorable to Appellant. Under the circumstances, Appellant was not prejudiced by the absence of the standard Benchbook instructions on pretrial confinement and pretrial confinement credit.

Decision

Although we do not adopt the reasoning in the decision of the United States Air Force Court of Criminal Appeals, that decision is affirmed on the grounds set forth in this opinion.