**UNITED STATES, Appellee,**

v.

**Martin B. BALBOA, Jr., Private U.S. Army, Appellant.**

No. 65,724.

CM 8902837.

U.S. Court of Military Appeals.

Argued June 3, 1991.

Decided Sept. 26, 1991.

For Appellant: *Captain Michael P. Moran* (argued); *Colonel Robert B. Kirby and Captain Timothy P. Riley* (on brief).

For Appellee: *Captain Randy V. Cargill* (argued); *Colonel Alfred F. Arquilla, Lieutenant Colonel Daniel J. Dell'Orto, Captain Timothy W. Lucas* (on brief).

*Opinion of the Court*

SULLIVAN, Chief Judge:

During September 1989, appellant was tried by a general court-martial composed of officer and enlisted members at Fort Lewis, Washington. Consistent with his pleas, he was found guilty of willfully disobeying a written order of a superior offi-

cer, consensual sodomy, assault consummated by a battery, obstruction of justice, communicating a threat, larceny of telephone services valued at over $100.00, and committing an indecent act, in violation of Articles 90, 125, 128, and 134, Uniform Code of Military Justice, 10 USC §§ 890, 925, 928, and 934, respectively. Appellant was sentenced to a bad-conduct discharge, confinement for 12 months and 68 days, and total forfeitures. The convening authority approved the sentence but reduced the forfeitures to $699.00 pay per month for 14 months. On August 27, 1990, the Court of Military Review affirmed the findings and sentence in an unpublished opinion.

We granted review of the following issue:

> WHETHER THE MILITARY JUDGE'S INSTRUCTION TO THE COURT MEMBERS THAT APPELLANT WOULD BE CREDITED WITH 68 DAYS CONFINEMENT BY AUTHORITIES AT THE CORRECTIONAL FACILITY MISLED THE MEMBERS AND RESULTED IN PLAIN ERROR WHERE THE PANEL SENTENCED APPELLANT TO "68 DAYS PLUS 12 MONTHS" CONFINEMENT.

We hold that no error occurred in this case as a result of the unobjected-to instructions of the military judge on appellant's pretrial-confinement credit. *See* RCM 1001(b)(1), Manual for Courts–Martial, United States, 1984. *See also* RCM 1005(f).

On July 8, 1989, appellant was placed in pretrial confinement and remained there for 68 days until his trial concluded on September 14, 1989. Prior to the sentencing phase of this court-martial, trial defense counsel had agreed to the military judge's proposed sentencing instructions. The military judge then gave this instruction:

> Now, in determining an appropriate sentence in this case, you should consider the fact that this accused has spent sixty-eight days in pretrial confinement. *In this connection, you should also realize that if you do adjudge confinement as part of your sentence, the sixty-eight days spent in pretrial confinement will be credited against any sentence to confinement that you may adjudge. This credit will be given by the authorities at the correctional facility where the accused is sent to serve his confinement and it will be credited on a day-for-day basis.*

(Emphasis added.)

Later in the instructions, the military judge told the members:

> Now, in selecting a sentence, you should consider all matters in extenuation and mitigation, as well as those in aggravation. Thus, all the evidence you have heard in this case is relevant on the subject of sentencing, and you should consider evidence admitted as to the offenses of which the accused stands convicted, plus his age, which is currently twenty; the family difficulties he has experienced which relate to the health and current situation of his parents and family back in Texas. *Consider the duration of his pretrial confinement;* his GT score which is 102, which is in the average range; his education, which includes the completion of high school and service schools reflected in his personnel records....

(Emphasis added.)

Trial defense counsel "ha[d] no objections" to either of these instructions. The members then sentenced appellant: "To forfeit all pay and allowances, to be confined for 68 days, plus 12 months, to be discharged from the service with a bad-conduct discharge."

Appellant's complaint in this case is that his sentence to 12 months' and 68 days' confinement was imposed unlawfully. *See generally United States v. Dukes,* 5 MJ 71, 73 (CMA 1978). He initially contends that the military judge went too far in informing the members of his court-martial that he would later receive 68 days' administrative credit on his sentence for his pretrial confinement. *Cf. United States v. Davidson,* 14 MJ 81 (CMA 1982). *See generally*

*United States v. Griffin,* 25 MJ 423 (CMA), *cert. denied,* 487 U.S. 1206, 108 S.Ct. 2849, 101 L.Ed.2d 886 (1988). In addition, he contends that the members, contrary to the judge's instructions and a Manual rule, imposed "an excessive sentence in reliance upon possible mitigating action by the convening or higher authority." RCM 1005(e)(3). *See United States v. Wilson,* 28 MJ 48, 51 (CMA 1989); *United States v. Warner,* 25 MJ 64 (CMA 1987). Finally, he argues that the instructions as a whole were inadequate and permitted the members to nullify this Court's holding in *United States v. Allen,* 17 MJ 126 (CMA 1984).

We first will address appellant's claim that the judge erred in telling the members of the automatic sentence credit for pretrial confinement. *See* para. 2–37, Military Judge's Benchbook at 2–43 (Dept. of the Army Pamphlet 27–9 (Change 2, 15 Oct.1986)). Clearly, such an instruction is not precluded by the lead opinion in *United States v. Davidson, supra,* a case itself decided before the automatic sentence-credit holding in *United States v. Allen, supra. See United States v. Davidson, supra* at 87 (Everett, C.J., concurring in the result). Moreover, the language of RCM 1001(b)(1)[1] permitting evidence of "the duration and nature of any pretrial restraint" is broad enough to include this credit information, at least if such language is construed in the interests of reliable and truthful sentencing. *See* RCM 1001(b)(4). *See generally Wasman v. United States,* 468 U.S. 559, 563–64, 104 S.Ct. 3217, 3220, 82 L.Ed.2d 424 (1984); *Williams v. New York,* 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). Finally, the administrative ramifications of pretrial confinement were both certain and immediate and thus were not collateral or inadmissible matters within the meaning of Mil.R.Evid. 403, Manual, *supra. See United States v. Henderson,* 29 MJ 221, 223 (CMA 1989).

Appellant's second argument concerning the illegality of the members' action is equally unpersuasive. First, we have grave doubts whether a definite and certain sentence reduction by military prison authorities for pretrial confinement fits within the proscription of RCM 1005(e)(3).[2] If there was some doubt in this regard, it was incumbent on appellant to request that the military judge rule on this question and fashion an express instruction on this matter. *See* RCM 1005(f).[3] Moreover, one cannot seriously contend that the members imposed an excessive sentence in this case within the meaning of RCM 1005(e)(3). The maximum punishment authorized for

---

1. RCM 1001(b)(1) states:

   (b) *Matter to be presented by the prosecution.*

   (1) *Service data from the charge sheet.* Trial counsel shall inform the court-martial of the data on the charge sheet relating to the pay and service of the accused *and the duration and nature of any pretrial restraint.* In the discretion of the military judge, this may be done by reading the material from the charge sheet or by giving the court-martial a written statement of such matter. If the defense objects to the data as being materially inaccurate or incomplete, or containing specified objectionable matter, the military judge shall determine the issue. Objections not asserted are waived.
   (Emphasis added.)

2. RCM 1005(e)(3) provides:

   (e) *Required instructions.* Instructions on sentence shall include:

\*    \*    \*

   (3) A statement informing the members that they are solely responsible for selecting an appropriate sentence *and may not rely on the possibility of any mitigating action by the convening or higher authority;* ...
   (Emphasis added.)

3. RCM 1005(f) states:

   (f) *Waiver.* Failure to object to an instruction or to omission of an instruction before the members close to deliberate on the sentence constitutes waiver of the objection in the absence of plain error. The military judge may require the party objecting to specify in what respect the instructions were improper. The parties shall be given the opportunity to be heard on any objection outside the presence of the members.

appellant's offenses included a dishonorable discharge and 28 years' and 6 months' confinement. The actually imposed sentence, however, was a bad-conduct discharge and 1 year and 68 days' confinement. A claim of sentence excessiveness in this light is not well taken.

Finally, we recognize that the substance of appellant's arguments in this case is that the military judge's instructions as a whole nullified or permitted the members to nullify the decision of this Court in *United States v. Allen, supra. See generally United States v. Soriano*, 20 MJ 337, 342–43 (CMA 1985). He asserts that this decisional usurpation resulted from the military judge's incomplete instructions which informed the members about the automatic administrative credit for pretrial confinement but failed to instruct them how to treat this fact in their own deliberations on sentence. The obvious result, he suggests, is that the members improperly compensated for this credit by awarding appellant an excessive and inappropriate sentence to confinement. *See generally United States v. Fisher*, 21 MJ 327 (CMA 1986). We disagree.

█ We first note that the instructions given in this case do not expressly or by inference invite the members to award extra confinement to compensate for the administrative pretrial-confinement credit. In reality, the instructions as a whole suggest that pretrial confinement is a matter of mitigation and that the members may consider even credited pretrial confinement in fashioning a less severe sentence. *See generally United States v. Davidson*, 14 MJ at 85. In any event, neither the decision of this Court in *United States v. Allen, supra*, nor the Manual for Courts-Martial precludes a court from attempting to fashion an appropriate sentence of confinement in view of time actually served. *See generally Wasman v. United States* and *Williams v. New York*, both *supra*. In this regard, we note that the practice of automatic credit by prison authorities for pretrial confinement is favored by the American Bar Association. *See* Standards 18–4.7 and 18–6.8, Sentencing Alternatives and Procedures, 3 American Bar Association Standards for Criminal Justice (2d ed. 1982 supp.). Even these standards, however, do not require that the sentencing authority, whether a judge or a jury, be kept in ignorance of this process or be precluded from considering this pretrial-confinement credit to increase actual confinement imposed. *Cf.* Standard 18–6.8(c), ABA Standards, *supra*. Finally, appellant did not object to these instructions or to the members' sentence, and any non-plain error in this regard was waived. RCM 1005(f).

The decision of the United States Army Court of Military Review is affirmed.

Judge COX concurs.

EVERETT, Senior Judge (concurring in part and in the result):

If, hypothetically, 12 months' confinement is an "appropriate" sentence in a particular case, considering the nature of the offense and the individual accused, then any confinement in excess of 12 months is, in my view, excessive. The uppermost limit of what is an "appropriate" sentence—not the limit of the maximum imposable sentence—marks the point at which a greater sentence becomes "excessive" as a matter of law. *See generally United States v. Dukes*, 5 MJ 71 (CMA 1978).

On this basis, I have serious concerns about whether this sentence is excessive. *See* RCM 1005(e)(3), Manual for Courts-Martial, United States, 1984; *United States v. Allen*, 17 MJ 126 (CMA 1984); *United States v. Davidson*, 14 MJ 81 (CMA 1982). It seems curious (and more than coincidental) that the confinement adjudged was "68 days, plus 12 months"—not 14 months or 15 months—when the court-martial members knew that their announced sentence to confinement would be reduced by precisely 68 days. This Court does not need an appellate crystal ball to discern the real likelihood that, as a practical result of the members' action, appellant has been denied the legally required credit for his

pretrial confinement. *See United States v. Allen, supra.**

However, in view of defense counsel's failure to object to the military judge's

instruction that led to this possible denial of credit for time served, I agree with the majority that appellant's complaint in this Court has been waived. RCM 1005(f).

---

* I do not offer any suggestion now as to how information can be given to the members concerning an accused's pretrial confinement, *see* RCM 1001(b)(1), Manual for Courts–Martial, United States, 1984, without that information either leading to a bonanza for the accused or leading to an inappropriately extended sentence, in light of the automatic sentence credit mandated in *Allen.*