UNITED STATES

v.

**Senior Airman Ermenrene BARNETT, United States Air Force.**

**ACM 37578.**

U.S. Air Force Court of Criminal Appeals.

Sentence adjudged 15 April 2009.

14 Nov. 2011.

Appellate Counsel for the Appellant: Lieutenant Colonel Gail E. Crawford; Lieutenant Colonel Darrin K. Johns; and Captain Andrew J. Unsicker.

Appellate Counsel for the United States: Colonel Don M. Christensen; Major Naomi N. Porterfield; Major Kimani R. Eason; and Gerald R. Bruce, Esquire.

Before GREGORY, WEISS, and SARAGOSA, Appellate Military Judges.

OPINION OF THE COURT

SARAGOSA, Judge:

The appellant was convicted in accordance with his pleas of three specifications of violating a lawful general order, two specifications of dereliction of duty and one specification of wrongful use of marijuana on divers occasions, in violation of Articles 92 and 112a, UCMJ, 10 U.S.C. §§ 892, 912a. Furthermore, a panel of officer members sitting as a general court-martial convicted the appellant of three additional specifications of violating a lawful general order and one specification

of dereliction of duty, in violation of Article 92, UCMJ. The adjudged and approved sentence consists of a bad-conduct discharge, eight months of confinement, and reduction to the grade of E–1. Based upon the military judge's ruling on a pretrial motion regarding illegal pretrial punishment in violation of Article 13, UCMJ, 10 U.S.C. § 813, the appellant was granted relief in the form of 100 days of confinement credit.

The appellant raises three issues on appeal. First, he asserts the military judge erred in denying the full relief requested in his pretrial motion for appropriate relief based on illegal pretrial punishment. He asks this Court to grant one-for-one credit for the 491 days the appellant was detailed to the "Thunder Pride" Team Detail Program ("Thunder Pride" team). Second, he argues the military judge erred in failing to instruct the members during sentencing in accordance with Rule for Courts–Martial (R.C.M.) 1005(e)(4). In substance, the appellant argues the military judge should not have instructed the members he had been granted 100 days of administrative confinement credit. He asks this Court to set aside the sentence and order a rehearing on sentence or reassess the sentence to one that does not include a bad-conduct discharge. Finally, the appellant asserts he was deprived of his right to speedy post-trial review based on the fact that 243 days elapsed between announcement of the sentence and action by the convening authority.[1] He argues this delay is so egregious, unexplained, and unnecessary he is entitled to a presumption of prejudice. He asks this Court to approve appropriate sentence relief.

### Background

Appellant served as an Air Force recruiter for the 362nd Recruiting Squadron and was assigned to the recruiting office in Goodyear, Arizona. The charges for which he stands convicted stem from violations of Air Education and Training Command Instruction (AETCI) 36–2909, *Professional and Unprofessional Relationships*,[2] and derelictions in his duties. Each of these charges relate to the appellant's conduct with female recruits or applicants of the Air Force. He was convicted of wrongfully seeking sexual favors from three separate female recruits/applicants in violation of the aforementioned Instruction. Further, he was convicted of engaging in a sexual relationship with a fourth female recruit/applicant. He was also convicted of wrongfully providing alcohol to two of the female recruits/applicants. Each of the four women involved ultimately joined the Air Force; three were still on active duty at the time of the trial and one had been medically discharged.

The remaining charges for which he stands convicted are use of government vehicles[3] for activities of a personal nature and wrongful use of marijuana on divers occasions.

### Illegal Pretrial Punishment

When the allegations of misconduct arose, the appellant was relieved of his duties as an Air Force recruiter and was issued an order by his commander to have no contact with any recruits/applicants. As such, he was unable to work in his recruiting office location. In an effort to keep him gainfully employed, he was assigned to the "Thunder Pride" team at Luke Air Force Base (AFB), Arizona, beginning in December 2007. This program assigns enlisted personnel who are unable to perform regular duties within their unit to a team that performs a variety of base details.

In a pretrial motion for appropriate relief, the appellant asserted he had been subjected to illegal pretrial punishment in violation of Article 13, UCMJ, when he was assigned to work with the "Thunder Pride" team. An Article 39(a), UCMJ, 10 U.S.C. § 839(a), hearing was held, at which the military judge heard from the appellant's 362nd Recruiting Squadron supervisor and flight chief, the "Thunder Pride" team supervisor, and sever-

---

**1.** This issue is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982).

**2.** The appellant was tried and convicted for violations of three different versions of this Instruction: 12 June 2003; 31 May 2006; and 2 March 2007.

**3.** One government vehicle was a customized SUV, entitled the "Raptor." The vehicle displayed a distinct Air Force-themed paint job and was fitted with an audio-visual system including a television, X–Box and speakers.

al other active duty members who were also assigned to the "Thunder Pride" team. The military judge rendered findings of fact. He concluded: none of the circumstances the appellant faced constituted any type of pretrial restraint or conditions tantamount to confinement; there was no intent to punish the appellant by assigning him to the "Thunder Pride" team; the "Thunder Pride" team itself is not punishment; and, none of the circumstances describing the "Thunder Pride" team are in and of themselves punishment. However, the military judge articulated concerns over: the length of time the appellant remained assigned to the "Thunder Pride" team (approximately 16 months which was twice as long as the other witnesses that testified on the motion); the fact that there is a base level instruction that governs the program and there is a provision that states no member will be assigned to the team for more than 60 days (there are noted exceptions); the failure to strictly comply and adhere to another provision of the instruction that requires legal coordination in the event a member remains on the "Thunder Pride" team for more than 60 days; and, what he deemed was a shortfall by the unit in efforts to find somewhere else to put the appellant while he was pending court-martial. Based upon these concerns, the military judge awarded the appellant 100 days of administrative confinement credit.

The question of whether an "appellant is entitled to credit for a violation of Article 13, UCMJ, is a mixed question of fact and law." *United States v. Mosby*, 56 M.J. 309, 310 (C.A.A.F.2002) (citing *United States v. Smith*, 53 M.J. 168, 170 (C.A.A.F.2000)). This Court "will not overturn a military judge's findings of fact, including a finding of no intent to punish, unless they are clearly erroneous." *Mosby*, 56 M.J. at 310 (citing *Smith*, 53 M.J. at 170). The ultimate question of whether an appellant is entitled to administrative credit for a violation of Article 13, UCMJ, is reviewed de novo. *Mosby*, 56 M.J. at 310. *See also Smith*, 20 M.J. at 532–33.

Based upon a review of the record, including trial motions, their attachments, and testimony presented on the motion, we hold the military judge's findings are not clearly erro-neous. We further hold, as a matter of law, the appellant is not entitled to additional sentence credit beyond the 100 days previously granted by the military judge for an Article 13, UCMJ, violation.

*Sentencing Instructions*

The appellant contends the military judge erred in failing to instruct the members in accordance with R.C.M. 1005(e)(4). However, the record of trial reveals the military judge properly instructed the members when he advised them, "You must not adjudge an excessive sentence in reliance upon possible mitigating action by the convening or higher authority." This complies with R.C.M. 1005(e)(4).

The real gravamen of the appellant's argument regarding the sentencing instructions is that he contends the military judge erred when he instructed the members regarding the 100 days of administrative credit granted pursuant to the appellant's Article 13, UCMJ, motion. The military judge gave the following instruction:

In determining an appropriate sentence in this case, you should consider that the accused has been granted 100 days of confinement credit. If you adjudge confinement as part of your sentence, these days will be credited against any sentence to confinement you may adjudge. This credit will be given by the authorities at the correctional facility where the accused is sent to serve his confinement and will be given on a day-for-day basis.

After closing the court for deliberations, the members had the following questions:

PRES [ ]: ... In your instructions that you gave us, you talked about a hundred days confinement credit. The question is, and we can expound if we need to, can we, as the members, differentiate between a hundred days of confinement credit for Thunder Pride versus a hundred days of actual confinement?

MJ: Okay. I guess I'm not exactly clear on what your question is.

PRES [ ]: The question is, understanding based on the defense exhibits that we were provided and knowing what Thunder Pride is and knowing that it's not actual confine-

ment, is it okay for us to differentiate from that hundred days or do we have to consider that as confinement?

Upon receiving these questions from the members regarding how they should consider the confinement credit, the military judge responded:

Okay. There had been a motion for some credit that I had to take up related to the circumstances of Thunder Pride.

. . . And after reviewing the evidence and the issues involved in that, I determined that the accused was to be granted 100 days of credit toward any confinement that the court may adjudge. So as I instructed earlier, if the court adjudges confinement, then the 100 days credit that I granted already will be applied toward that to be applied by the correctional facility wherever the accused would go for any period of confinement.

Still needing further clarification, a member asked:

So legally, is it okay for us to consider that hundred days of credit less than what we would consider actual confinement? That's the question that's come up in our discussions. And maybe for ease of understanding and, please, this is just for the example, if we consider 300 days as appropriate confinement but we know the hundred days credit is there but we think that the 300 days confinement should be actual confinement so we bump it up to 400 days because we know we're going to subtract a hundred days; is that legal for us to do that?

In response, the military judge further instructed:

What I can instruct you in this regard is that you should determine a sentence that you believe is appropriate for this accused for the offenses that he's been found guilty of, considering all of the evidence that you've been presented in the case. You've been provided the fact or circumstance that, if you adjudge confinement, then he will have 100 days of credit toward any period of confinement that is adjudged by the court.

The military judge then held an Article 39a, UCMJ, hearing, where the matter of the instruction regarding the 100 days of confinement credit was argued. The trial defense counsel argued the military judge should specifically instruct the members they cannot determine that a specific number of days is an appropriate sentence and then increase that by 100 days knowing the appellant would be awarded the credit. The government argued the defense raised the evidence of "Thunder Pride" through their sentencing exhibits and that no further instruction that may sway the deliberative process was appropriate. The military judge ultimately gave the following instruction to the members:

Your duty is to adjudge an appropriate sentence for this accused that you regard as fair and just when it is imposed and not one whose fairness depends upon actions that others may or may not take in this case. These instructions must not be interpreted as indicating an opinion as to the sentence which should be adjudged for you alone are responsible for determining an appropriate sentence in this case. In arriving at your determination, you should select the sentence which will best serve the ends of good order and discipline, the needs of the accused, and the welfare of society.

■ A military judge has a duty to particularly instruct the members to consider an accused's pretrial confinement in arriving at an appropriate sentence; failure to do so constitutes legal error. *United States v. Miller*, 58 M.J. 266, 269 (C.A.A.F.2003); *United States v. Davidson*, 14 M.J. 81, 86 (C.M.A.1982). The language approved for such an instruction comes from *United States v. Balboa*, 33 M.J. 304, 305 (C.M.A.1991), and is incorporated into the Department of the Army Pamphlet (D.A. Pam.) 27–9, *Military Judges' Benchbook*, ¶ 2–5–22 (15 September 2002).

In the instant case, the military judge used a slight tailoring of the *Balboa* instruction to refer to the 100 days as "confinement credit" only, rather than as "pretrial confinement credit." *See Balboa*, 33 M.J. at 305. We find the language used was an appropriate

tailoring given the evidence presented during the sentencing phase.

The question presented is whether the military judge has the same duty, as in actual pretrial confinement cases, to instruct the members to consider administrative confinement credit given for violations of Article 13, UCMJ, and whether such an instruction should be given over a defense objection. A military judge has a duty to tailor the instructions to the members on "the sentence to the law and the evidence." *United States v. Wheeler*, 38 C.M.R. 72, 75, 1967 WL 4375 (C.M.A.1967). "[T]o avoid the possibility of prejudice and consequent reversal, we urge [military judges] carefully to shape their instructions on the sentence to the evidence presented and to inform the court members fully as to their responsibilities." *Id.* at 76.

R.C.M. 1005(e)(5) sets forth that instructions on sentence shall include "a statement that the member should consider all matters in extenuation, mitigation, and aggravation, whether introduced before or after findings, and matters introduced under R.C.M. 1001(b)(1), (2), (3) and (5)." The Discussion following this Rule further guides that tailored instructions on sentencing should bring attention to any pretrial restraint imposed on the appellant.

In the case at hand, it was the appellant who offered evidence regarding his time spent with the "Thunder Pride" team at Luke AFB.[4] Based upon this evidence, both the government and the defense addressed the evidence during their sentencing arguments. The government argued for a bad-conduct discharge, 24 months of confinement, and reduction to the grade of E–1. The trial defense counsel argued for a bad-conduct discharge and "an amount of confinement that will allow [the appellant] to return to his family and not destroy the new life he has begun."

In line with the military judge's duty to shape the instructions on sentence to the evidence presented and to the law, this Court finds the appellant stands as the "gatekeeper" as to whether or not the evidence of the illegal pretrial punishment is presented to the members. *Id.; United States v. Gammons*, 51 M.J. 169, 182 (C.A.A.F.1999). It is akin to cases in which an accused has been subjected to prior nonjudicial punishment (NJP) under Article 15, UCMJ, 10 U.S.C. § 815, for the same act or omission he is facing before a court-martial. Under Article 15(f), UCMJ, 10 U.S.C. § 815(f), "the fact that a disciplinary punishment has been enforced may be shown by the accused upon trial, and when so shown shall be considered in determining the measure of punishment to be adjudged in the event of a finding of guilty." If the appellant chooses to present prior NJP punishment information to the members for the purpose of mitigation, "the military judge must instruct the members on the specific credit to be given of the prior punishment under NJP." *Gammons*, 51 M.J. at 184.

 In this case, where the appellant chose to introduce evidence of the 16 months he spent assigned to the "Thunder Pride" team as evidence in mitigation, we find the military judge had a duty to instruct the members on the administrative credit awarded so they may consider that information during their deliberation on sentence. As in *Balboa*, the instruction given did not expressly or by inference invite the members to award extra confinement to compensate for the administrative confinement credit awarded by the military judge pursuant to the Article 13, UCMJ, motion. *Balboa*, 33 M.J. at 304. We find no error in the sentencing instructions given.

### Post–Trial Delay

In this case, the overall delay of 243 days between the announcement of sentence and the convening authority's action on the case is facially unreasonable. Additionally, the overall delay of more than 900 days between trial and appellate review is facially unreasonable. Because this delay is unreasonable, we examine the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct.

---

4. Defense Exhibits AQ through AU contain statements regarding the work performed while assigned to the "Thunder Pride" team. Defense Exhibit AV, the appellant's written unsworn statement specifically referred to the time he was assigned to the "Thunder Pride" team.

2182, 33 L.Ed.2d 101 (1972): (1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice. *See also United States v. Moreno*, 63 M.J. 129, 135–36 (C.A.A.F.2006). When we assume error, but are able to directly conclude that any error was harmless beyond a reasonable doubt, we do not need engage in a separate analysis of each factor. *See United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F.2006). This approach is appropriate in the appellant's case. Having considered the totality of the circumstances and entire record, we conclude that any denial of the appellant's right to speedy post-trial review and his appeal was harmless beyond a reasonable doubt and that no relief is warranted.

## Conclusion

The approved findings, and the sentence, are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred.[5] Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly the findings and the sentence are

AFFIRMED.

---

5. The Court notes the court-martial order (CMO), dated 10 November 2009, incorrectly indicates a not guilty plea to Specification 2 of Charge I, when the appellant actually pled guilty to this offense. Additionally, Specification 2 of Charge III does not contain proper reference to the plea and finding. We order the promulgation of a corrected CMO.