BAKER, Chief Judge
(concurring in part and in the result):
I agree with the Court’s conclusion that the military judge did not abuse his discretion when he initially instructed the members regarding the Article 13, UCMJ, 10 U.S.C. § 813 (2006), credit. However, I believe that there was instructional error in this case, given the unusual questions from the members and the military judge’s failure to provide a tailored instruction in response.
DISCUSSION
Where, as in this case, the military judge has awarded credit for government conduct that has already occurred and the accused chooses to argue pretrial punishment dining sentencing, the military judge should instruct the members that the accused will already be credited for the Article 13, UCMJ, violation, thus negating any concern of a double benefit to the accused. The military judge should then instruct the members that their duty is to assess a sentence appropriately based on the accused’s conduct and all other relevant matters independent of any credit the accused might be entitled to under Article 13, UCMJ, based on the government’s conduct. The military judge properly instructed on both matters in this case.
However, the problem arose in this case when the members asked multiple questions suggesting the possibility that they might nullify the military judge’s previous award of credit. The president of the panel asked:
In your instructions that you gave us, you talked to us about a hundred days confinement credit. The question is, and we can expound if we need to, can we, as the members, differentiate between a hundred days of confinement credit for Thunder Pride versus a hundred days of confinement?
The military judge asked for clarification, and the member clarified:
The question is, understanding based on the defense exhibits that we were provided and knowing what Thunder Pride is and knowing that it’s not actual confinement, is it okay for us to differentiate from the *255 hundred days or do we have to consider that as confinement?
The military judge reiterated part of his previous instruction, prompting the member to again clarify the question:
So legally, is it okay for us to consider that hundred days of credit less than what we would consider actual confinement? That’s the question that’s come up in our discussions. And maybe for ease of understand and, please, this is just for the example, if we consider 300 days as the appropriate confinement but we know the hundred days credit is there but we think that the 300 days confinement should be actual confinement so we bump it up to 400 days because we know we’re going to subtract a hundred days; is that legal for us to do that?
These questions required a tailored response rather than a repeat of the standard instruction. First, the questions suggested, without confirming, that a member or members might be inclined to nullify or negate the military judge’s award of Article 13, UCMJ, credit. However, the question of whether an accused was subject to pretrial punishment and entitled to credit is a question of law for the military judge to decide. “The proper applications of credit for illegal pretrial punishment and lawful pretrial confinement are questions of law, reviewed de novo.” United States v. Spaustat, 57 M.J. 256, 260 (C.A.A.F.2002).
Second, Article 13, UCMJ, credit is provided for conduct in which the government has already engaged. In other words, it is relief for the government’s conduct, not a sentencing factor related to the accused’s offenses. In this sense, pretrial punishment is different than pretrial confinement, which is offset against adjudged confinement and thus is appropriately part of the members’ calculus of confinement earned by an accused based on his rather than the government’s conduct.
Finally, even if the members were permitted to consider whether to nullify an accused’s Article 13, UCMJ, credit because they did not agree with the amount of credit or the military judge’s determination that credit was due, they could not do so without additional appropriate instructions on what legally qualifies as pretrial punishment under Article 13, UCMJ.
Thus, although the military judge was not obliged to give the specific defense requested instruction, in my view the military judge erred by not providing a more tailored instruction in response to the members’ questions suggesting the possibility of credit nullification. Nevertheless, I would affirm this ease on the ground that Appellant has not shown prejudice. For sure, it is difficult to show prejudice given United States v. Balboa, 33 M.J. 304 (C.M.A.1991), where the members appeared to have added an additional sixty-eight days of confinement — the exact amount of automatic administrative credit for the accused’s pretrial confinement. Nonetheless, Balboa received no relief on appeal.
However, even if one treats the members’ deliberations as immutable, much like a convening authority’s discretionary judgment on clemency, and applies a “colorable showing of possible prejudice” as the standard, Appellant falls short. See United States v. Rodriguez-Rivera, 63 M.J. 372, 384 (C.A.A.F.2006) (citation and quotation marks omitted). Appellant only received eight months when he could have received fifteen and a half years of confinement. Manual for Courts-Martial, United States pt. IV, paras. 16.-e.(1),(3)(B); 37.e.(1)(b) (2006). Thus, Appellant’s sentence was only a fraction of what it could have been. Moreover, there is nothing about the sentence in this case that suggests the members in fact negated the credit awarded by the military judge.