# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS and BURTON[1]
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant RONALD J. DAVIS**
**United States Army, Appellant**

ARMY 20100815

Headquarters, III Corps and Fort Hood
Jacqueline L. Emanuel, Military Judge
Colonel Phillip N. Foster, Staff Judge Advocate (pretrial)
Colonel Stuart W. Risch, Staff Judge Advocate (post-trial)


For Appellant: Captain Jack D. Einhorn, JA (argued); Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Jack D. Einhorn, JA (on brief); Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Jack D. Einhorn, JA (on reply brief & supplemental brief); Lieutenant Colonel Jonathan Potter, JA; Captain John L. Schriver, JA.

For Appellee: Captain Daniel H. Karna, JA (argued); Lieutenant Colonel Amber J. Roach, JA; Major Robert A. Rodrigues, JA; Captain Daniel H. Karna (on brief & supplemental brief);


15 July 2013

-----------------------------------
MEMORANDUM OPINION
-----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

YOB, Senior Judge:

---

[1] Judge BURTON took final action on this case prior to her permanent change of duty station.

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of failure to go to his appointed place of duty, in violation of Article 86 Uniform Code of Military Justice, 10 U.S.C. § 886 (2006) [hereinafter UCMJ]. Contrary to his plea, a general court-martial composed of officer members convicted appellant of one specification of simple assault with an unloaded firearm in violation of Article 128, UCMJ, 10 U.S.C. § 928 (2006). The officer panel sentenced appellant to a bad-conduct discharge, confinement for ninety days, and reduction to the grade of E-4. The convening authority credited appellant with thirty-four days of confinement against the sentence to confinement, and approved the remainder of the adjudged sentence.

This case is before this court for review under Article 66, UCMJ. Appellant asserts three assignments of error of which only one merits discussion. In this assignment of error, appellant alleges the military judge erred by not instructing the panel on appellant's right to defend his property and stand his ground. We find that any instructional error was harmless beyond a reasonable doubt.

**FACTS**

On 20 February 2010, SPC SS went to a sports bar in Harker Heights, Texas with his girlfriend AR, appellant, and appellant's wife, Mrs. Davis. Mrs. Davis had agreed to allow SPC SS and AR stay at the Davis's nearby home overnight so they would not have to drive home after consuming alcohol. After staying out for several hours, Mrs. Davis, AR, and SPC SS returned to the Davis home while appellant remained out with some of his friends.

At the Davis residence, SPC SS and AR engaged in a heated verbal altercation, which took place at least in part in the driveway in front of the house. Mrs. Davis attempted to calm the arguing couple but was unsuccessful. Mrs. Davis sent a text message to her husband stating that SPC SS and AR were arguing and insisting that he come home. Appellant returned in an agitated state. When he drove into his driveway, AR was sitting in a car in the front of the house and SPC SS was on the sidewalk, not directly in front of the house, but nearby. Appellant entered his house, and quickly reemerged to confront his guests.

According to SPC SS, appellant approached him and swung his fist at him but missed. Immediately afterwards, appellant pulled a handgun out of his back pocket, charged the weapon, and leveled it at SPC SS's face. According to both SPC SS and AR, appellant stated, "I'll shoot you, I'll shoot her, I'll shoot everyone." At that time, appellant told SPC SS and AR to leave his property.

Appellant, gave a different version of events, and testified he shouted to SPC SS and AR that they were "no longer welcome," and to "get . . . off [his] property." According to appellant, he went into the house and retrieved a handgun from the kitchen and put it in his back pocket. On the way outside, appellant testified he observed SPC SS rapidly approaching the doorway at which time appellant pushed him backwards. Appellant claimed he pushed SPC SS a second time as he approached the doorway again, whereupon appellant told SPC SS to "get the hell out of here." According to appellant, SPC SS then lunged and swung at him. In response, appellant then pulled his weapon from his back pocket and pointed it at SPC SS for approximately "20, 30 seconds."

## DISCUSSION

We review the adequacy of a military judge's instructions de novo. *United States v. Dearing*, 63 M.J. 478, 482 (C.A.A.F. 2006). The military judge bears primary responsibility for ensuring that required instructions are given to the panel and given accurately. *United States v. Miller*, 58 M.J. 266, 270 (C.A.A.F. 2003); Rule for Courts-Martial [hereinafter R.C.M.] 920(a)-(e). If an affirmative defense is reasonably raised by the evidence, the military judge has a sua sponte duty to instruct the members on the defense. *United States v. Hearn*, 66 M.J. 770, 776 (Army Ct. Crim. App. 2008) (citing *United States v. Davis*, 53 M.J. 202, 205 (C.A.A.F. 2000) (internal citations omitted)). Failure to object to an omission of an affirmative defense instruction does not constitute waiver. *United States v. Stanley*, 71 M.J. 60, 63 (C.A.A.F. 2012).

A defense is reasonably raised when some evidence, without regard to its source or credibility, has been admitted upon which members might rely if they so choose. *Stanley* 71 M.J. at 61; R.C.M. 920 discussion. *See also United States v. Watford¸* 32 M.J. 176, 178 (C.M.A. 1991). If there is any doubt as to whether a special defense is in issue, the doubt should be resolved in favor of the accused. *Davis*, 53 M.J. at 205 (citing *United States v. Steinruck*, 11 M.J. 322, 324 (C.M.A. 1981)).

The military judge has a sua sponte duty to instruct on the defense of property when it has been raised by some evidence. Dep't of Army, Pam. 27-9, Legal Service: Military Judges' Benchbook [hereinafter Benchbook], para. 5-7, note 1 (1 Jan. 2010). It is well-established that a servicemember has a legal right to eject a trespasser from his or her property. *United States v. Marbury*, 56 M.J. 12, 15 (C.A.A.F. 2001). A person is justified in using reasonable force to protect one's real or personal property when the person reasonably believes the property is in immediate danger of trespass or theft. *United States v. Regalado*, 13 U.S.C.M.A. 480, 482, 33 C.M.R. 12, 14 (1963). *See also* Benchbook, para. 5-7. However, it is

also well-established that the right to defend one's property is not unlimited, and must be reasonable. *Marbury*, 56 M.J. at 15 (citing *Regalado,* 33 C.M.R. at 14). One who seeks to avail himself of the defense of property defense may only use an amount of force reasonably necessary to eject the trespasser or otherwise protect the property. *Id.* Depending on the situation, reasonable force may include the use of deadly force. Benchbook, para. 5-7.

Under the unique facts of this case, we find that the military judge's failure to instruct the panel members sua sponte on the defense of property to be error. According to appellant's testimony, before retrieving his weapon he told SPC SS, "You all need to get the hell out of here. I don't want you here no more." Appellant also testified that he told AR, "You all need to get . . . off my property." AR recalled appellant telling she and SPC SS to "Get off my property," or "Get out of my driveway." Mrs. Davis likewise testified that appellant told SPC SS, "You need to leave." Altogether this evidence, without regard to source or credibility, plainly put defense of property "at issue." *See Davis*, 53 M.J. at 205.

Finding error in the military judge's failure to provide an instruction on defense of property, we next determine whether the error prejudiced appellant or was harmless. "If instructional error is found, because there are constitutional dimensions at play, [the error] must be tested for prejudice under the standard of harmless beyond a reasonable doubt." *United States v. Medina*, 69 M.J. 462, 465 (C.A.A.F. 2011) (quoting *United States v. Wolford,* 62 M.J. 418, 420 (C.A.A.F. 2006) (internal citations omitted)). *See also Neder v. United States*, 527 U.S. 1, 15 (1999). Whether an instructional omission is harmless beyond a reasonable doubt depends on whether the error complained of contributed to the verdict obtained. *Hearn*, 66 M.J. at 777. The test we employ in making this assessment is whether it is "clear beyond a reasonable doubt that a rational [panel] would have found the defendant guilty absent the error." *United States v. Baxter*, 72 M.J. 507, 513 (Army Ct. Crim. App. 2013) (quoting *Neder*, 527 U.S. at 18). Applying this test, we find the military judge's failure to instruct harmless beyond a reasonable doubt.

A person, who is lawfully in possession or in charge of property, and who requests another to leave, may lawfully use as much force as is reasonably necessary to remove the person, after allowing a reasonable time for the person to leave. *Regalado*, 33 C.M.R. at 14. A person, who refuses to leave after being asked to do

4

so becomes a trespasser and the trespasser may not resist if only reasonable force is employed in ejecting him or her. *Id.*[2]

Although appellant's defense of property against a trespasser was raised by the evidence, there was overwhelming evidence in the record as a whole that appellant did not provide SPC SS a reasonable amount of time to comply with his demand to leave. There was also overwhelming evidence that appellant was the initial aggressor in the physical confrontation. Appellant's initiation of a physical confrontation with SPC SS was not a reasonable, necessary, or justifiable use of force under the circumstances, nor was the threat of deadly force appellant employed immediately thereafter by brandishing a firearm. We further do not find it plausible that appellant believed his brandishing of a firearm under the circumstances was a necessary or reasonable response to the trespass, under the circumstances. SPC SS was, at least at the outset, an invited guest at appellant's house and was not provided a reasonable opportunity to depart.

Even if a panel concluded SPC SS heard appellant's direction to leave his property, no rational panel could conclude appellant's initiation of physical violence and threats of deadly force to expel SPC SS from the property in front of his house were reasonable under the facts presented in this case. *Marbury*, 56 M.J. at 15; *Regalado,* 33 C.M.R. at 14. Nor would any rational panel conclude that appellant believed his use of force in this manner, or his brandishing of a firearm, was a necessary action in response to the trespass. We hold that it is clear beyond a reasonable doubt that a rational panel would have rejected any defense of property claim under these circumstances and would have found appellant guilty of assault in the absence of the instructional error. *Baxter*, 72 M.J. at 213. The omission of the defense of property instruction did not contribute to appellant's conviction and the instructional error in this regard was harmless beyond a reasonable doubt. Therefore, we find the evidence legally and factually sufficient to support appellant's conviction for simple assault with an unloaded firearm.

## CONCLUSION

On consideration of the entire record, including the matters personally raised by appellant under *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and appellant's other assignments of error, we find appellant's arguments to be without

---

[2] We note that there may be circumstances in which a person confronting a trespasser is not required to issue a warning or wait for compliance with a request to leave before resorting to physical force to expel a trespasser. In this case, however, none of these circumstances are present.

merit. We hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

Judge KRAUSS and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court