# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist KEVIN L. KINDLE**
**United States Army, Appellant**

ARMY 20120954

Headquarters, U.S. Army Alaska
Stefan R. Wolfe, Military Judge
Colonel Tyler J. Harder, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Robert H. Meek, III, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Major Daniel D. Derner, JA; Captain Janae M. Lepir, JA; Captain Carrie L. Ward, JA (on brief).

10 February 2015

--------------------------------
MEMORANDUM OPINION
--------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

PENLAND, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of failure to go to his appointed place of duty; one specification of willful disobedience of a superior commissioned officer; one specification of adultery; and one specification of incapacitation for performance of duties through prior wrongful indulgence in intoxicating liquor in violation of Articles 86, 90, and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 886, 890, 934 (2006). A panel composed of officer and enlisted members acquitted appellant of all offenses to which he pled not guilty. The panel sentenced appellant to a bad-conduct discharge, confinement for 12 months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

This case is before the court for review under Article 66, UCMJ. Appellant raises one assignment of error, which warrants discussion but no relief. Appellant also personally raises one matter pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), which warrants discussion and relief. While not raised by appellant, we identify two additional errors warranting discussion and relief.

*Providence of Appellant's Plea of Guilty to Willful*
*Disobedience of a Superior Commissioned Officer*

Appellant was convicted of, *inter alia*, the following charge and specification:

Charge II: Violation of the UCMJ, Article 90.

Specification 1: In that [appellant], having received a lawful command from Captain [PV], his superior commissioned officer, then known by the said [appellant] to be his superior commissioned officer, to not consume alcohol, or words to that effect, did, at or near Fort Wainwright, Alaska, on or about 27 April 2012, willfully disobey the same.

During the providence inquiry,[1] appellant expressed his understanding that, on or about December 2011, his commander ordered him not to drink alcohol. The order's purpose was to ensure appellant could satisfactorily and safely perform his duty as a helicopter mechanic.[2] Focusing on a 27 April 2012 drinking incident, the military judge and appellant discussed the charged willful disobedience:

MJ: Okay. So what were your thoughts about when you decided to go to this bar and you knew there was the order. . . . [E]xplain your thought process.

ACC: I just decided to go to the bar and have a couple drinks and ended up drinking more than I--I guess I planned on. So that was pretty much it. I was just going to go have a couple drinks.

MJ: But when you went and had the drinks, . . . did you still know that this order . . . applied to you?

---

[1] There was no stipulation of fact in this case.

[2] The military judge concluded, and we agree, that the order was lawful.

ACC:  Okay.

MJ:  Okay.  So what . . . were your thoughts about that order at the time.

ACC:  I was--*I really wasn't thinking about it, sir*.

MJ:  What do you mean you--did you decide to disobey it is what I'm asking.

ACC:  Yes, sir.

(emphasis added).

We review a military judge's decision to accept a guilty plea for an abuse of discretion.  *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).  A guilty plea will only be set aside if we find a substantial basis in law or fact to question the plea.  *Id.* (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)).  We apply this "substantial basis" test by determining whether the record raises a substantial question about the factual basis of appellant's guilty plea or the law underpinning the plea.  *Id.*; *see also* UCMJ art. 45(a); Rule for Courts-Martial [hereinafter R.C.M.] 910(e).  Should an accused set up a matter inconsistent with his plea at any time during the providence inquiry, "the military judge must either resolve the apparent inconsistency or reject the plea."  *United States v. Moon*, 73 M.J. 382, 386 (C.A.A.F. 2014) (quoting *United States v. Hines*, 73 M.J. 119, 124 (C.A.A.F. 2014)).

While the providence inquiry reflects appellant succumbed to his urge to consume alcohol on 27 April 2012, appellant's admissions to the judge created ambiguity as to whether he willfully defied his commander's order in doing so.  The *Manual for Courts-Martial* defines willful disobedience as "an intentional defiance of authority" and notes that the mere failure to obey an order through "heedlessness, remissness, or forgetfulness," while not a violation of Article 90, UCMJ, may be a violation of Article 92, UCMJ.  *Manual for Courts-Martial, United States* (2012 ed.) [hereinafter *MCM*], pt. IV, ¶ 14.c.(2)(f).  Appellant told the military judge that he "really wasn't thinking about [the order]" when he violated it.  This created a matter inconsistent with appellant's plea, specifically, that his disobedience was a willful defiance.  A person cannot decide to willfully disobey an order he is not thinking about.  Appellant's conclusory answer of "yes" to the judge's question of whether appellant decided to disobey the order does not resolve the inconsistency.  The military judge never clarified these conflicting statements made by appellant.  We, therefore, find a substantial basis to question appellant's plea to willful disobedience of a superior commissioned officer under Article 90, UCMJ, and will affirm the

3

lesser-included offense of failing to obey a lawful order in violation of Article 92, UCMJ.

*Providence of Appellant's Plea of Guilty to Adultery*

Appellant also pled guilty to Specification 3 of Charge IV, which alleged adultery which was prejudicial to good order and discipline or service-discrediting. The *MCM* provides that the adulterous conduct must be "*directly* prejudicial to good order and discipline." *MCM*, pt. IV, ¶ 62.c.(2) (emphasis added). Examples of such a direct prejudicial effect include adulterous conduct that "has an obvious, and measurably divisive effect on unit or organization discipline, morale, or cohesion, or is clearly detrimental to the authority or stature of or respect toward a servicemember." *MCM*, pt. IV, ¶ 62.c.(2). We hold the military judge did not elicit an adequate factual basis to establish that appellant's adulterous encounter with Ms. [AL] was directly prejudicial to good order and discipline. *See Inabinette*, 66 M.J. at 322; UCMJ art. 45(a); R.C.M. 910(e).

We are satisfied, however, that appellant's descriptions of the circumstances surrounding his adultery evinced his understanding, knowing, and voluntary admission that his conduct was of a nature to bring discredit upon the armed forces. "Discredit" in the context of an adultery charge means "to injure the reputation of the armed forces and includes adulterous conduct that has a tendency, *because of its open or notorious nature*, to bring the service into disrepute, make it subject to public ridicule, or lower it in public esteem." *MCM*, pt. IV, ¶ 62.c.(2) (emphasis added). Adulterous conduct that is "private and discreet in nature may not be service discrediting by this standard." *MCM*, pt. IV, ¶ 62.c.(2). During the providence inquiry, appellant admitted that at the party where the adultery occurred, appellant's friends, consisting of soldiers and civilians who knew appellant was married to another woman, knew that he was engaging in sexual intercourse with Ms. AL in an upstairs bedroom. Appellant explained to the military judge that, under the circumstances, his actions tended to discredit his standing as a soldier. We will take corrective action in our decretal paragraph to affirm only service discrediting adultery.

*Curative Instruction and Admissibility of*
*Ms. AL's Testimony during Pre-sentencing Proceedings*

The procedural context at trial is especially important here. The panel originally found appellant guilty of aggravated sexual assault of Ms. AL while she was substantially incapacitated. After completion of the entire pre-sentencing case—which included one page of additional testimony from Ms. AL predicated entirely on her being a victim of aggravated sexual assault—and before sentencing arguments, the military judge decided that he erred in his findings instructions regarding substantial incapacitation. He instructed the panel again on that specific

issue and directed them to re-deliberate on findings regarding the affected specification. After receiving the amended findings instructions, the panel re-deliberated and found appellant not guilty of the aggravated sexual assault.

While the members were re-deliberating, the military judge asked: "Does either party request any modifications to the sentencing proceedings if they were to return a finding of not guilty or disagree with me and request additional sentencing [instructions] if they were to return a finding of guilty?" Defense counsel did not request a curative instruction to disregard Ms. AL's pre-sentencing testimony or object to the continued admissibility of Ms. AL's testimony. After the military judge gave the standard pre-sentencing instructions, the panel sentenced appellant as described above.

Appellant now argues Ms. AL's sentencing testimony was not admissible "under the military rules of evidence and . . . R.C.M. 1001," therefore, the military judge committed plain error by not curatively instructing the panel to disregard Ms. AL's testimony and by not excluding Ms. AL's testimony during the pre-sentence proceedings. The government concedes the military judge committed plain error.

Rule for Courts-Martial 1005(f), which concerns "Instructions on sentence," states: "Failure to object to an instruction or to omission of an instruction before the members close to deliberate on the sentence constitutes waiver of the objection in the absence of plain error." When reading the text of this rule, we consider our superior court's concern regarding the distinction between the terms "waiver" and "forfeiture": "Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). If an appellant has forfeited a right by failing to raise it at trial, this court will review for plain error. *Id.* (citing *United States v. Harcrow*, 66 M.J. 154, 156 (C.A.A.F. 2008)). However, if an appellant "intentionally waives a known right at trial, it is extinguished and may not be raised on appeal." *Id.* (citing *Harcrow*, 66 M.J. at 156). Since R.C.M. 1005(f) provides for plain error review, the rule contemplates a failure to object as forfeiture rather than waiver.[3] Similarly, where defense counsel does not object to inadmissible evidence, appellate relief is normally forfeited absent plain error. *United States v. Eslinger*, 70 M.J. 193, 197-98 (C.A.A.F. 2011); *see also* Military Rule of Evidence 103(d) ("Nothing in this rule precludes taking notice of plain errors that materially

---

[3] We acknowledge that mandatory sentencing instructions under R.C.M. 1005(e) are not subject to R.C.M. 1105(f)'s waiver provision. *See United States v. Miller*, 58 M.J. 266, 270 (C.A.A.F. 2003).

prejudice substantial rights although they were not brought to the attention of the military judge.").

In a plain error analysis, appellant has the burden of showing: (1) there was an error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right. *United States v. Fisher*, 67 M.J. 617, 620 (Army Ct. Crim. App. 2009). "An error is not 'plain and obvious' if, in the context of the entire trial, [appellant] fails to show the military judge should be 'faulted for taking no action' even without an objection." *United States v. Burton*, 67 M.J. 150, 153 (C.A.A.F. 2009) (quoting *United States v. Maynard*, 66 M.J. 242, 245 (C.A.A.F. 2008)).

We decline to accept the government's concession that the military judge committed plain error by not curatively instructing the panel to disregard Ms. AL's testimony or by not excluding Ms. AL's testimony during pre-sentencing proceedings. First, appellant waived the issue. The military judge gave appellant the opportunity to request any additional sentencing instructions or remedies if the panel returned a verdict of not guilty of the aggravated sexual assault specification. Appellant affirmatively declined to request such an instruction, thereby waiving the issue on appeal. Appellant also did not object to the admissibility of Ms. AL's testimony or make a motion to strike Ms. AL's testimony after the panel acquitted him of aggravated sexual assault, again waiving the issue on appeal. Further, the military judge had no *sua sponte* duty to give such an instruction absent a defense request; it was not a "required instruction" under R.C.M. 1005(e).

Second, even if appellant did not waive the issue, appellant has not met his burden to establish plain error. Assuming without deciding the military judge erred, we are nonetheless confident that any error was neither plain, obvious, nor prejudicial. Ms. AL's testimony was only one-page in length. Trial counsel did not mention Ms. AL's testimony during sentencing argument. Finally, considering the panel's re-deliberated finding of not guilty and that it came shortly after Ms. AL's pre-sentencing testimony, appellant's defense counsel would have reason to conclude the panel found her latter testimony incredible and, as a result, found appellant not guilty of aggravated sexual assault when given an additional opportunity to do so. Extending this logic, it is additionally plausible that trial defense counsel wanted the panel to continue considering Ms. AL's incredibility as they deliberated on an appropriate sentence.

*Post-trial Delay*

In his *Grostefon* matters, appellant personally complains of excessive post-trial delay. Appellant was sentenced on 12 October 2012. The record of trial was 684 pages in length. On 21 February 2013, 132 days after completion of appellant's trial, defense counsel received the record for review. Defense counsel completed his errata on 25 February 2013, 4 days later. The military judge received the record of

trial on 21 March 2013, 24 days later. The military judge authenticated the record of trial on 6 May 2013, 46 days later. The staff judge advocate's recommendation was signed on 17 May 2013, 11 days after authentication. The record of trial and recommendation were served on appellant on 29 May 2013, 12 days later. On 27 June 2013, 29 days after receiving his copy of the record and the recommendation, appellant submitted his R.C.M. 1105 matters to the convening authority complaining, *inter alia*, that his right to speedy post-trial review was violated. The addendum was prepared 6 days later on 3 July 2013. The staff judge advocate recommended no clemency. On 8 July 2013, the convening authority took action. A total of 269 days had elapsed since the conclusion of appellant's trial.

We review de novo appellant's claim that he has been denied his due process right to a speedy post-trial review. *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006). Our superior court has adopted the four factor test of *Barker v. Wingo*, 407 U.S. 514, 530 (1972) to determine whether a due process violation has occurred: (1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice. *Id.* We presume unreasonable delay when more than 120 days have elapsed between completion of an appellant's trial and action by the convening authority. *Id.* at 142. This presumption requires analysis of the remaining three factors. *Id.*

In this case, the total post-trial processing time from sentence to action was 269 days. Turning to the second factor—the reasons for the delay—both the military judge and the government submitted contemporaneous memoranda explaining the delay. The judge's explanation stated the delay in authentication (46 days) was due to the ten trials he presided over and the five other records of trial he authenticated during the same period of time. The government's memorandum, which contained multiple errors regarding relevant dates, explained that the transcription delay was a result of "short staffing of court-reporters at the time of the trial" and that additional time was used for "mail transport . . . due to the distance between the military judge and [the criminal law] office." The military judge's explanation is reasonable, the government's explanation is not. With regard to delay caused by appellant, he waited 29 days after receipt of the record and recommendation to file his post-trial matters. However, we only attribute 19 of those days to him because R.C.M. 1105(c)(1) authorizes a 10-day period for submitting clemency matters. We resolve the first and second factors in appellant's favor. Turning to the third factor, appellant complained of the unreasonable post-trial processing delay multiple times. Defense counsel submitted written requests on 20 December 2012, 5 February 2013 and 9 May 2013, asking the government to speed the post-trial processing of the case. Defense counsel again requested relief as part of appellant's R.C.M. 1105 submissions. In summary, appellant asserted his right to speedy post-trial review in a timely fashion. However, in assessing the fourth factor under *Moreno*, appellant has failed to demonstrate any prejudice resulting from the dilatory post-trial processing in his case. *See generally United States v. Arriaga*, 70 M.J. 51, 57-59

7

(C.A.A.F. 2011) (finding prejudice for oppressive incarceration pending appeal where appellant obtained substantive and sentence relief at the service court and established that had the case been processed within the timelines set forth in *Moreno*, he would not have spent an additional 51 days in prison).

Even when there is no showing of prejudice, we may nonetheless find a due process violation if "in balancing the other three factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Having considered the lengthy delay, the government's contemporaneous explanations, and appellant's multiple timely assertions of his right to speedy post-trial review, we hold that the post-trial delay in this case is not so egregious as to constitute a due-process violation under *Toohey*.

Finally, we must also review the appropriateness of appellant's sentence in light of the lengthy post-trial processing. *See* UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). The lengthy post-trial processing, the government's inadequate explanation, and appellant's repeated requests for speedy post-trial review warrant sentence relief.

## CONCLUSION

We affirm only so much of the finding of guilty of Specification 1 of Charge II that extends to the lesser-included offense of failure to obey a lawful order in violation of Article 92, UCMJ.

We affirm only so much of the finding of guilty of Specification 3 of Charge IV as provides:

> In that Specialist Kevin L. Kindle, U.S. Army, a married man, did, at or near Fort Wainwright, Alaska, between on or about 10 December 2011 and on or about 11 December 2011, wrongfully have sexual intercourse with Ms. [AL], a woman not his wife, and that said conduct was of a nature to bring discredit upon the armed forces.

The remaining findings of guilty are AFFIRMED.

We reassess the sentence in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986). We recognize that appellant was sentenced by a panel. The gravamen of the findings of guilty has significantly changed because of our

decision with respect to Specification 1 of Charge II. The sentencing landscape has also drastically changed; the maximum confinement has decreased from six years and three months to one year and nine months.[4] *MCM*, pt. IV, ¶¶ 10.e.(1); 14.e.(2); 16.e(2); 62.e; 76.e. Nonetheless, we have the experience and familiarity with the types of offenses of which appellant remains convicted to reliably determine what sentence would have been imposed at trial absent the errors noted above. Appellant remains convicted of failure to obey an order issued by a superior commissioned officer. Appellant's three prior civilian convictions—in 2007 for disorderly conduct, in 2009 for disorderly conduct, and in 2012 for driving under the influence of alcohol or a controlled substance—were properly admitted during pre-sentencing proceedings and also remain relevant in aggravation.

Reassessing the sentence on the basis of the errors noted and the entire record, we are confident the panel would have sentenced appellant to at least a bad-conduct discharge, confinement for eight months, and reduction to the grade of E-1. *See Sales*, 22 M.J. at 307-08.

In light of the excessive post-trial delay, the entire record, and the particular facts and circumstances of this case, we determine it is also appropriate to reduce appellant's sentence to confinement by one month. *See* UCMJ art. 66(c).

We AFFIRM only so much of the sentence as provides for a bad-conduct discharge, confinement for seven months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

Senior Judge LIND and Judge KRAUSS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[4] The military judge merged two of the offenses for sentencing: failure to repair and incapacitation for performance of duties through prior wrongful indulgence in intoxicating liquor.