# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant TIMOTHY A. SKAGGS**
**United States Army, Appellant**

ARMY 20140099

Headquarters, U.S. Army Training Center and Fort Jackson
John P. Moran, Military Judge (arraignment)
Kirsten V. Brunson, Military Judge (trial)
Colonel Steven B. Weir, Staff Judge Advocate (pretrial)
Lieutenant Colonel Robert L. Manley III, Staff Judge Advocate (post-trial)

For Appellant:  Lieutenant Colonel Charles D. Lozano, JA; Lieutenant Colonel Jonathan F. Potter, JA (on brief).

For Appellee:  Lieutenant Colonel A.G. Courie III, JA; Major Anne C. Hsieh, JA (on brief).

29 September 2016

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

CELTNIEKS, Judge:

A panel consisting of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of failure to obey a lawful order, one specification of rape of a child under the age of 12 years, two specifications of sexual abuse of a child under the age of 12 years, one specification of obstructing justice, and one specification of communicating a threat in violation of Articles 92, 120b, and 134, Uniform Code of Military Justice, 10

U.S.C. §§ 892, 920b, 934 (2012) [hereinafter UCMJ].[1]  The panel sentenced appellant to a dishonorable discharge, confinement for thirteen years, and reduction to the grade of E-1.  The convening authority approved the findings and only so much of the sentence as provided for a dishonorable discharge, confinement for twelve years and eleven months, and reduction to the grade of E-1, and credited appellant with 317 days of confinement credit.[2]

This case is before us for review pursuant to Article 66, UCMJ.  Appellate defense counsel assigns one error to this court, and appellant personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  The assigned error warrants discussion and relief; the matters raised under *Grostefon* are without merit.  In the assigned error, appellant asserts the military judge erred by failing to provide panel instructions on the issue of voluntary intoxication as it related to the specific intent necessary for a conviction of Specification 1 of Charge I, rape of a child under the age of 12 years.

### BACKGROUND

At trial, sworn testimony from government witnesses and appellant himself indicated appellant was regularly intoxicated by alcohol during the time period covered by the charged misconduct under Article 120b, UCMJ.[3]  In an Article 39(a) session discussing panel instructions as they related to the Article 120b offenses of Charge I, the military judge announced, "and I will also add a voluntary intoxication

---

[1] Appellant was acquitted of one specification of false official statement, one specification of rape of a child under the age of 12 years, two specifications of sexual abuse of a child under the age of 12 years, one specification of violating the general article by instructing a child under the age of 12 years to wipe semen off appellant's stomach, and one specification of communicating a threat in violation of Articles 107, 120b, and 134, UCMJ.

[2] We note neither the action nor the promulgating order reflects the convening authority's waiver of appellant's automatic forfeitures under Article 58b, UCMJ.  Appellant's record of trial includes the convening authority's 3 March 2014 memorandum approving waiver of the automatic forfeiture of all pay, directing the waived forfeitures be sent to appellant's spouse for support, with an effective date of 28 February 2014.  The waiver remained in effect for a period of six months for the purpose of providing support to appellant's family.

[3] The dates alleged for all seven specifications of Charge I are between 28 June 2012 and 20 September 2012.

instruction,[4] as requested by both parties." After properly instructing the panel on the elements of rape of a child for Specifications 1 and 2 of Charge I, the military judge instructed the panel as follows:

> The evidence has raised the issue of voluntary intoxication in relation to the offenses of sexual abuse of a child in Specifications 4 through 7 of Charge I. I advised you earlier that one of the elements of the offense of sexual abuse of a child is that the accused had the specific intent to expose his genitalia, communicate indecent language, abuse, humiliate or degrade another person, arouse or gratify the sexual desires of any person, or engage in indecent conduct with or in the presence of a child. In deciding whether the accused had such a specific intent at the time, you should consider the evidence of voluntary intoxication.

Despite the omission of Specifications 1 and 2 of Charge I from this instruction, defense counsel did not object to the instructions as given. The military judge completed the instructions, counsel for both parties argued, and the court closed for panel deliberations on findings. The panel reached a mixed verdict. Among the remaining six Article 120b specifications of Charge I,[5] the panel returned findings of guilty on Specification 1 (rape of a child under 12 years of age) and Specifications 4 and 7 (sexual abuse a child under 12 years of age). After announcement of findings, the military judge recessed the court for the night.

When the trial court reconvened the next morning, the military judge *sua sponte* made the following announcement:

> Members of the Panel, I discovered an error in my instructions. It would only pertain to one specification, Specification 1 of Charge I, which is a finding of guilty. And there is an instruction that -- I gave you the instruction, but I didn't instruct you to apply it to that specific specification. So what I'm going to do is give you the instruction again, and we'll send you out for you

---

[4] *See* Rule for Courts-Martial [hereinafter R.C.M.] 916(l)(2); Dep't of Army, Pam. 27-9, Legal Services: Military Judges' Benchbook, para. 5-12 (1 Jan. 2010).

[5] Specification 3 of Charge I was dismissed by the military judge prior to appellant's plea.

SKAGGS — ARMY 20140099

> to determine whether you want to reconsider your finding
> on Specification 1 of Charge I. Okay?

The military judge then instructed the panel on voluntary intoxication in relation to Specification 1 of Charge I, advised the panel on procedures for reconsidering a guilty finding, and closed the court for their deliberations. During the Article 39(a) session that followed, defense counsel argued reconsideration was not proper under the rules, but conceded "I think the proper remedy would be dismissal of that particular charge [sic] and allowing the government to continue to argue those acts because he wasn't acquitted of them." The military judge heard the government's argument and recessed the court to research the issue. While the panel was in deliberations on reconsideration, she made the following ruling:

> Okay. The court finds that it was not plain error to
> specifically instruct on the voluntary intoxication as to
> Specification 1 of Charge I. Instruction for voluntary
> intoxication was included. Although it specifically
> referenced Specifications 4-7, the instruction was in there.
> It explained that it could be considered on the issue of
> specific intent. And so while Specification 1 was not
> specifically referenced, the instruction was in there and
> the panel members could have applied it to Specification 1
> of Charge I.
>
> So, notwithstanding all the shenanigans this morning,
> reconsideration was not the proper method.… [M]y
> thought was that reconsideration could only inure to the
> benefit of the accused and that was why I put it to the
> panel. But in looking closely at the rules, given that the
> findings was already announced, it's not appropriate.
>
> So, the finding will stand. I'm not going to have the panel
> re-announce the finding, and we will just not discuss what
> they did when they went back, and the findings will stand
> as they are.

The military judge recalled the members and informed them reconsideration of their finding on Specification 1 of Charge I was not appropriate under the circumstances. The sentencing phase of the trial then commenced.

## LAW AND DISCUSSION

"The question of whether a jury was properly instructed [is] a question of law, and thus, review is de novo." *United States v. Hearn*, 66 M.J. 770, 775 (Army

4

Ct. Crim. App. 2008) (citing *United States v. Schroder*, 65 M.J. 49, 54 (C.A.A.F. 2007) (citation omitted)). The military judge bears primary responsibility for ensuring mandatory instructions are given to the panel and given accurately. *United States v. Miller*, 58 M.J. 266, 270 (C.A.A.F. 2003); R.C.M. 920(a)-(e). "[T]he defense of voluntary intoxication is a mandatory instruction when 'some evidence' of intoxication 'raise[s] a reasonable doubt about actual knowledge, specific intent, willfulness, or premeditation when they are elements of a charged offense.'" *Hearn*, 66 M.J. at 776 (citing *United States v. Hensler*, 44 M.J. 184, 187 (C.A.A.F. 1996)).

In accordance with R.C.M. 920(f), appellant's failure to properly object to or request a mandatory instruction forfeits the error, absent plain error. *United States v. Payne*, 73 M.J. 19, 23 (C.A.A.F. 2014); *see United States v. Girouard*, 70 M.J. 5, 11 (C.A.A.F. 2011); *see also United States v. Davis*, 75 M.J. 537, 544 (Army Ct. Crim. App. 2015). "The plain error standard is met when: (1) an error was committed; (2) the error was plain, or clear, or obvious; and (3) the error resulted in material prejudice to substantial rights." *United States v. Maynard*, 66 M.J. 242, 244 (C.A.A.F. 2008) (citation and internal quotation marks omitted).

We agree with the military judge that reconsideration of the member's finding on Specification 1 of Charge I was "not appropriate" under R.C.M. 924(a).[6] Applying the plain error standard to the facts of this case, however, the military judge erred when she failed to instruct on voluntary intoxication relative to the specific intent element of Specification 1 of Charge I prior to the panel's announcement of findings. We find the error to be plain, obvious, and substantial as illustrated by evidence reasonably raising the issue, the agreement between counsel and the military judge that a voluntary intoxication instruction was applicable to the Article 120(b) offenses of Charge I, and the military judge's efforts to remedy the error after the panel announced findings. Lastly, we find the error "had an unfair prejudicial impact" on the panel's deliberation. *United States v. Fisher*, 21 M.J. 327, 328 (C.M.A. 1986). We are left to speculate whether a properly instructed panel may have reasonable doubt that appellant had formed the requisite specific intent due to his intoxication. *Hearn*, 66 M.J. at 777, 778. Consequently, we cannot affirm the panel's finding of guilty for Specification 1 of Charge I. We will provide relief in our decretal paragraph.

---

[6] "Members may reconsider any finding reached by them *before such finding is announced in open session*." R.C.M. 924(a) (emphasis added). *But see,* proceedings in revision under R.C.M. 1102. We do not consider whether the reconsideration process was akin to a proceeding in revision because the military judge terminated reconsideration deliberations and issued a ruling before the panel made a determination.

5

SKAGGS — ARMY 20140099

## CONCLUSION

After consideration of the entire record of trial, appellant's assignment of error, and the matters personally raised by appellant pursuant to *Grostefon*, the finding of guilty of Specification 1 of Charge I is set aside and DISMISSED.

The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the errors noted, and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). Appellant remains convicted of one specification of failure to obey a lawful order, two specifications of sexual abuse of a child under the age of 12 years, one specification of obstructing justice, and one specification of communicating a threat. Without Specification 1 of Charge I, appellant's maximum period of confinement is reduced from life without eligibility for parole to forty-three years and six months, a significant change in the penalty landscape. *Id.* Second, appellant was sentenced by a panel consisting of officer and enlisted members, and two of the remaining offenses address "service discrediting conduct or conduct unbecoming." *Id.* Third, the gravamen of appellant's misconduct remains unchanged, and "significant or aggravating circumstances addressed at the court-martial remain admissible and relevant to the remaining offenses." *Id.* Finally, this court reviews the records of a substantial number of courts-martial involving violations of offenses similar to those remaining against appellant, and we have extensive experience and familiarity with the level of sentences imposed for such offenses under various circumstances. *Id.*

After reassessing the sentence based on the errors noted, the entire record, and in accordance with the principles enumerated in *Winckelmann*, we affirm only so much of the sentence as provides for a dishonorable discharge, confinement for ten years, and reduction to the grade of E-1. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

Senior Judge TOZZI and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

6